UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUWEIYA ABDIAZIZ ALI, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DONALD TRUMP, et al., <br><br> Defendants. | CASE NO. C17-0135JLR <br><br> ORDER GRANTING DEFENDANTS' MOTION FOR AN EXTENTION OF TIME TO RESPOND TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION |

Before the court is Defendants' motion for a two-week extension of their deadline to respond to Plaintiffs' motion for class certification. (Mot. for Ext. (Dkt. # 39); Reply (Dkt. # 48); *see also* Mot. for Class Cert. (Dkt. # 3).) Plaintiffs oppose Defendants' motion. (Resp. (Dkt. # 47).) The court has considered the motion, all of the parties' submissions related to the motion, the other relevant portions of the record, and the applicable law. Being fully advised, the court GRANTS Defendants' motion.

Defendants seek an extension until March 20, 2017, of their March 6, 2017, deadline for responding to Plaintiffs' motion for class certification. Defendants represent

ORDER - 1

to the court that President Donald Trump "intends in the near future to rescind the [Executive] Order [at issue in this lawsuit] and replace it with a new, substantially revised Executive Order." (Mot. for Ext. at 3 (quoting *Washington v. Trump*, Case No. 17-35105 (9th Cir.), ECF No. 154 at 4); *see also Washington*, Case No. 17-35105 (9th Cir.), ECF No. 154 at 46 (referring to "the forthcoming promulgation of a new superseding Executive Order").) Defendants argue that the promulgation of this new "superseding" Executive Order "may influence the shape of the legal issues . . . in ways relevant to the class certification question, and may prompt either Plaintiffs or the [c]ourt to modify or narrow the proposed class definition." (Mot. for Ext. at 5.) In addition, Defendants argue that they "reasonably need additional time beyond March 6, 2017, to review information concerning the named plaintiffs in order to evaluate the typicality of their claims and their adequacy as class representative." (*Id.*)

Plaintiffs respond that Defendants offer no support for their assertion that a new Executive Order will rescind the existing Executive Order other than Defendants' own briefing to the Ninth Circuit Court of Appeals. (Resp. at 2.) Plaintiffs cite numerous contradictory statements by President Trump and others in his administration to the effect that they will continue to defend the Executive Order at issue in this litigation in addition to issuing a new Executive Order.[1] (*Id.* at 2-3.) Plaintiffs also argue that Defendants have already obtained one extension of time to respond to the motion for class

---

[1] Plaintiffs cite numerous transcripts of White House press briefing and of a presidential news conference that are available on the White House website in support of their argument. (*See* Resp. at 2, 3-4.) The court may take judicial notice of information available on government websites, which neither party disputes. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) (citing Fed. R. Evid. 201).

certification and have not explained why the agreed-upon extension was insufficient to evaluate the adequacy of the current putative class representative. (*Id.* at 4.)

The court understands Plaintiffs' frustrations concerning statements emanating from President Trump's administration that seemingly contradict representations of the federal government's lawyers in this and other litigation before the court. Nevertheless, the court will continue to rely on the representations of the government's attorneys, as officers of the court, which indicate that the new Executive Order will "rescind," "replace," "supersed[e]," and "substantially revise[]" the existing Executive Order. (*See* Mot. at 3-4; *see also* Reply at 1-2.) Given these representations, the court agrees that the interests of judicial economy weigh in favor of granting Defendants' motion.

In addition, Plaintiffs have failed to demonstrate any undue prejudice that they may suffer as a result of the extension. In a separate case, this court entered a nationwide temporary restraining order that included Section 3(c) of the Executive Order, which Plaintiffs challenge in this case. *See Washington v. Trump*, No. C17-0141JLR (W.D. Wash.), ECF No. 52. The Ninth Circuit Court of Appeals later interpreted this court's temporary restraining order as a preliminary injunction and declined to stay the preliminary injunction pending appeal. *See Washington v. Trump*, --- F.3d ----, 2017 WL 526497, at *3, *11 (9th Cir. Feb. 9, 2017). Because Section 3(c) of the Executive Order remains preliminarily enjoined, the court concludes that neither Plaintiffs nor any members of Plaintiffs' putative class will suffer undue prejudice by the extension of time Defendants request to respond to Plaintiffs' motion for class certification.

1    Accordingly, the court GRANTS Defendants' motion for an extension of time to
2  respond to Plaintiffs' motion for class certification (Dkt. # 39). Defendants' response to
3  Plaintiffs' motion is now due on March 20, 2017. Plaintiffs' reply in support of their
4  motion for class certification is now due on March 24, 2017.[2]

5    Dated this 3rd day of March, 2017.

*[signature]*

JAMES L. ROBART
United States District Judge

---

[2] If Plaintiffs would like a corresponding extension of the deadline for their reply memorandum, the court would be amendable to such a request. Alternatively, the parties may agree to a revised date and submit a stipulated proposed order to the court.

ORDER - 4