The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUWEIYA ABDIAZIZ ALI, *et al.*,<br><br>　　　　　　　Plaintiffs,<br>　　v.<br><br>DONALD TRUMP, President of the United States, *et al.*,<br>　　　　　　　Defendants. | Case No. 2:17-cv-00135-JLR<br><br>**DEFENDANTS' BRIEF ON WHETHER INJUNCTIVE RELIEF MAY BE AWARDED TO AN UNCERTIFIED CLASS** |

**INTRODUCTION**

In their putative class action lawsuit, Plaintiffs request a temporary restraining order, as well as preliminary injunctive relief, prohibiting enforcement of Section 3(c) of the first Executive Order and Sections 1(f), 2, and 3 of the second Executive Order ("Order").[1]  Plaintiffs' Amended

---

[1] Executive Order 13,769, titled "Protecting the Nation from Foreign Terrorist Entry Into the United States," signed on Jan. 27, 2017.  *See* 82 Fed. Reg. 8977 (Feb. 1, 2017).

[1] Executive Order No. 13,780, titled "Protecting the Nation from Foreign Terrorist Entry Into the United States," signed on Mar. 6, 2017.  *See* 82 Fed. Reg. 13209 (Mar. 9, 2017).

DEFENDANTS' BRIEF ON WHETHER INJUNCTIVE RELIEF MAY BE AWARDED TO AN UNCERTIFIED CLASS [Case No. 2:17-cv-00135-JLR]  - 1

U.S. Department of Justice
P.O. Box 868
Ben Franklin Station
Washington, D.C. 20044
(202) 305-7171

Complaint, ECF No. 52 ("Am. Compl.") at ¶ 5.  During a March 13, 2017, telephonic conference, the Court directed the parties to submit briefs on the issue of whether injunctive relief is available to a non-certified class.  As set forth below, Defendants respectfully submit that it is not.

Absent class certification, any preliminary injunctive relief should be directed only to the 10 named plaintiffs.  Federal Rule of Civil Procedure 23(c) provides that, "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action."  Fed. R. Civ. P. 23(c)(1)(A).  "It is the actual certification of the action as a class action under 23(c) and (a) which alone gives birth to 'the class as a jurisprudential entity,' changes the action from a mere individual suit with class allegations into a true class action qualifying under 23(a), and provides that sharp line of demarcation between an individual action seeking to become a class action and an actual class action."  *Shelton v. Pargo, Inc.*, 582 F.2d 1298, 1304 (4th Cir. 1978) (citation omitted).  Thus, "the procedural formalities of certification are important even if the case appears to be headed for settlement rather than litigation."  *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig.*, 55 F.3d 768, 785 (3d Cir. 1995).  Merely treating a case as a class action, but failing to certify the action as a class action as provided by Rule 23, is insufficient.  "Without such certification and identification of the class, the action is not properly a class action."  *Baxter v. Palmigiano*, 425 U.S. 308, 310 n.1 (1976).

For these reasons, courts have rightly rejected claims for class-wide preliminary injunctive relief before determining the class was certified.  The Ninth Circuit has repeatedly held that "in the absence of class certification, [a] preliminary injunction may properly cover only the named plaintiffs."  *Nat'l Ctr. for Immigrants Rights, Inc. v. INS*, 743 F.2d 1365, 1371-72 (9th Cir. 1984) (order granting preliminary injunction was too broad; on remand, "if the district court fails to

DEFENDANTS' BRIEF ON WHETHER INJUNCTIVE
RELIEF MAY BE AWARDED TO AN UNCERTIFIED CLASS
[Case No. 2:17-cv-00135-JLR]  - 2

U.S. Department of Justice
P.O. Box 868
Ben Franklin Station
Washington, D.C. 20044
(202) 305-7171

certify a class of plaintiffs, it must limit the injunction to apply to the named plaintiffs only"); *see also Zepeda v. INS*, 753 F.2d 719, 727-30 & n.1 (9th Cir. 1983) (holding that, in the absence of class certification, preliminary injunctive relief may cover only the named plaintiffs); *Los Angeles Haven Hospice v. Sebelius*, 638 F.3d 644, at 664-65 (9th Cir. 2011) (nationwide injunction which would bar the defendant from enforcing a hospice cap regulation against individuals other than the named plaintiff was too broad); *Easyriders Freedom F.I.G.H.T. v. Hannigan*, 92 F.3d 1486, 1501-02 (9th Cir. 1996) (recognizing that "injunctive relief generally should be limited to apply only to named plaintiffs where there is no class certification")[2]; *Meyer v. Portfolio Recovery Assocs., LLC*, No. 11-cv-1008, 2011 WL 11712610, *2 (S.D. Cal. Sept. 14, 2011) (concluding that court could not grant class-wide relief prior to deciding whether to certify the class).  "This limitation is consistent with the traditional rule that injunctive relief should be narrowly tailored to remedy the specific harms shown by plaintiffs, 'rather than to enjoin all possible breaches of the law.'" *Zepeda*, 753 F.2d at 728 n.1 (citation omitted); *see also Korab v. McManaman*, 805 F. Supp. 2d 1027, 1039-40 (D. Haw. 2011) (broad injunction inappropriate without class certification where court lacks "any idea as the true scope of the relief requested").

---

[2] In *Easyriders*, the Ninth Circuit upheld the district court's entry of a statewide permanent injunction, upon summary judgment, that precluded the enforcement of a motorcycle helmet law against all motorcyclists, instead of an injunction that merely restricted the law's application to the named plaintiffs.  92 F.3d at 1501-02.  The Ninth Circuit did so, however, reasoning that "'an injunction is not necessarily made overbroad by extending benefit or protection to persons other than prevailing parties in the lawsuit—even if it is not a class action—*if such breadth is necessary to give prevailing parties the relief to which they are entitled*.'"  *Id.* (citing *Bresgal v. Brock*, 843 F.2d 1163, 1170-71 (9th Cir. 1987) (emphasis in original)).  That, of course, is not the case here, as Plaintiffs have not secured a *permanent* injunction on the merits and, so, are not prevailing parties.  *See Bresgal*, 843 F.2d at 1169 (explaining that *National Center* and *Zepeda* apply in *preliminary* injunction context, yet the *Bresgal* court had "been called upon to rule on the question of statutory interpretation").

DEFENDANTS' BRIEF ON WHETHER INJUNCTIVE
RELIEF MAY BE AWARDED TO AN UNCERTIFIED CLASS
[Case No. 2:17-cv-00135-JLR]  - 3

U.S. Department of Justice
P.O. Box 868
Ben Franklin Station
Washington, D.C. 20044
(202) 305-7171

Moreover, given that the purpose of a preliminary injunction is to preserve the status quo between the parties pending a resolution of a case on the merits, *see U.S. Philips Corp. v. KBC Bank N.V.*, 590 F.3d 1091, 1094 (9th Cir. 2010), issuing class-wide injunctive relief in this case would be especially inappropriate. Plaintiffs have not shown that it is necessary to maintain the status quo as to the specific interests of even the 10 named plaintiffs—let alone, practicable. Nor can they. Chief among the barriers to plaintiffs' claims is the lack of justiciability. The claims by the named plaintiffs who are nonresident and unadmitted aliens are barred by the doctrine of consular nonreviewability. *See* Defendants' Opposition to Emergency Motion for Temporary Restraining Order and Preliminary Injunction at 11. Meanwhile, any claims raised by the petitioner plaintiffs within the country are unripe because no alien has been refused a visa, and the Order contains waiver provisions that will provide an avenue of relief if the aliens are found otherwise eligible for visas. *Id*. at 11-12.

Even if the named plaintiffs had presented justiciable claims, they purport to represent a class presenting interests far broader than their own. The putative class includes anyone from a designated country who has applied or *will* apply for an immigrant visa in the unspecified future, and all those who has petitioned or *will* petition on such aliens' behalf (Am. Compl. at ¶ 164). Included under that vast umbrella are employers who will file immigrant visas on behalf of their employees but have no due process interest in them; U.S. citizens or LPRs whose visa petitions are never approved in the United States; non-immediate family members whose visa petition or application processes could take years; and aliens deemed inadmissible for reasons unrelated to the Order, to name just a few. Such an unwieldy class that includes interests that are speculative and untethered to those of the named plaintiffs' should not benefit from the extraordinary remedy of injunctive relief. *See McCormack v. Hiedeman*, 694 F.3d 1004, 1020 (9th Cir. 2012). "The fact

DEFENDANTS' BRIEF ON WHETHER INJUNCTIVE
RELIEF MAY BE AWARDED TO AN UNCERTIFIED CLASS
[Case No. 2:17-cv-00135-JLR]  - 4

U.S. Department of Justice
P.O. Box 868
Ben Franklin Station
Washington, D.C. 20044
(202) 305-7171

that [Plaintiffs] may ultimately be entitled to a declaratory judgment stating that [the New Order]is unconstitutional on its face . . . does not mean that the preliminary injunction should apply so broadly, at least in the absence of class certification." *Id.*[3]

Finally, such judicial restraint adheres to the basic principle that, absent a recognized exception, "litigation is conducted by and on behalf of the individual named parties only." *Califano v. Yamasaki*, 442 U.S. 682, 700-01 (1979). Injunctive relief entered in an individual case "should [thus] be no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs." *Id.* at 702; *see also Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165-66 (2010) (invalidating nationwide injunction where less burdensome remedy was available to redress parties' harm). "This rule applies with special force where there is no class certification." *Los Angeles Haven Hospice v. Sebelius*, 638 F.3d at 664.

In short, even if the Court were to grant preliminary injunctive relief in this case, binding case law establishes that any such relief should extend no further than necessary to place the 10 named Plaintiffs in their allegedly rightful positions.

//
//
//
//
//
//
//
/

---

[3] Defendants assert that this Court should not expedite the class certification briefing schedule. Plaintiffs' noted their class certification brief for April 7, 2017. ECF No. 58.

DEFENDANTS' BRIEF ON WHETHER INJUNCTIVE
RELIEF MAY BE AWARDED TO AN UNCERTIFIED CLASS
[Case No. 2:17-cv-00135-JLR]  - 5

**U.S. Department of Justice**
P.O. Box 868
Ben Franklin Station
Washington, D.C. 20044
(202) 305-7171

DATED this 14th day of March, 2017.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

WILLIAM C. PEACHEY
Director
Office of Immigration Litigation
District Court Section

GISELA A. WESTWATER
Assistant Director

EREZ REUVENI
Senior Litigation Counsel

 /s/ Stacey I. Young
STACEY I. YOUNG, DC Bar #499324
Senior Litigation Counsel
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 598-2445
Fax: (202) 305-7000
stacey.young@usdoj.gov

DEFENDANTS' BRIEF ON WHETHER INJUNCTIVE
RELIEF MAY BE AWARDED TO AN UNCERTIFIED CLASS
 [Case No. 2:17-cv-00135-JLR]  - 6

**U.S. Department of Justice**
P.O. Box 868
Ben Franklin Station
Washington, D.C. 20044
(202) 305-7171

# CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the attorneys of record for the Plaintiffs.

DATED this 14th day of March, 2017.

      /s/ Stacey I. Young
STACEY I. YOUNG, DC Nar #499324
Senior Litigation Counsel
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 305-7171
Fax: (202) 305-7000
stacey.young@usdoj.gov

DEFENDANTS' BRIEF ON WHETHER INJUNCTIVE
RELIEF MAY BE AWARDED TO AN UNCERTIFIED CLASS
[Case No. 2:17-cv-00135-JLR]  - 7

U.S. Department of Justice
P.O. Box 868
Ben Franklin Station
Washington, D.C. 20044
(202) 305-7171