UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Juweiya Abdiaziz ALI; A.F.A., a minor; Reema Khaled DAHMAN; G.E., a minor; Jaffer Akhlaq HUSSAIN; Seyedehfatemeh HAMEDANI; Olad Issa OMAR; Faduma Olad ISSA; F.O.I., a minor; and S.O.I., a minor; on behalf of themselves as individuals and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Donald TRUMP, President of the United States of America; Jefferson B. SESSIONS, Attorney General of the United States; U.S. DEPARTMENT OF STATE; Rex W. TILLERSON, Secretary of State; U.S. DEPARTMENT OF HOMELAND SECURITY; John F. KELLY, Secretary of Homeland Security; U.S. CITIZENSHIP AND IMMIGRATION SERVICES; Lori SCIALABBA, Acting Director of USCIS; CUSTOMS AND BORDER PROTECTION; Kevin K. McALEENAN, Acting Commissioner of CBP; OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE; Michael DEMPSEY, Acting Director of National Intelligence,<br><br>Defendants. | Case No.: 2:17-cv-00135-JLR<br><br>**PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF THEIR EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

PLS.' SUPP. BR. ISO THEIR MOT.
FOR TRO AND PRELIM. INJ.
Case No. 2:17-cv-00135-JLR

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
206-957-8611

## I. INTRODUCTION

On March 10, 2017, Plaintiffs filed an amended complaint addressing Executive Order 13780 (EO2), 82 Fed. Reg. 13209 (Mar. 9, 2017), a second motion for class certification, and a new motion for a temporary restraining order (TRO) and preliminary injunction. *See* Dkts. 52-58. Pursuant to the Court's instructions, Dkt. 65, Plaintiffs now submit this supplemental brief to address the availability of injunctive relief on a non-certified class. As an initial matter, in other challenges to Defendant Trump's first Executive Order 13769 (EO1), 82 Fed. Reg. 8977 (Feb. 1, 2017), district courts issued TROs on behalf of proposed class members prior to any class certification. This is because those situations, like this one, fall within the classic domain of the TRO, preserving the status quo of the matter subject to litigation and preventing irreparable harm until a hearing can be held on the preliminary injunction. *Granny Goose Foods, Inc.*, *v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974). Moreover, courts often provisionally certify classes for the purpose of granting injunctive relief, even while requiring further briefing as to final class certification. Accordingly, the Court should grant Plaintiffs' request for a TRO.

## II. ARGUMENT

### A. Class Certification is Not Necessary to Issue Temporary Injunctive Relief.

This Court has equitable authority to issue a TRO prior to class certification. *See, e.g.*, *Califano v. Yamasaki*, 442 U.S. 682, 705 (1979) ("Absent the clearest command to the contrary from Congress, federal courts retain their equitable power to issue injunctions in suits over which they have jurisdiction."); *Porter v. Warner Holding Co.*, 328 U.S. 395, 398 (1946) ("Unless otherwise provided by statute, all the inherent equitable powers of the [federal courts] are available for the proper and complete exercise of that jurisdiction."). *See also, e.g.*, *Rodriguez v. Providence Cmty. Corr., Inc.*, 155 F. Supp. 3d 758, 767 (M.D. Tenn. 2015) ("Neither must Plaintiffs seek Rule 23 certification in order to enjoin [on a class-wide basis] the conduct about which they complain."); *Thomas v. Johnston*, 557 F. Supp. 879, 916 n.29 (W.D. Tex. 1983) ("[A] district court may, in its discretion, award appropriate classwide injunctive relief prior to a

PLS.' SUPP. BR. ISO THEIR MOT.
FOR TRO AND PRELIM. INJ.
Case No. 2:17-cv-00135-JLR                -1-

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
206-957-8611

formal ruling on the class certification issue based upon either a conditional certification of the class or its general equity powers.").

Given the exigencies surrounding EO1, at least three district courts issued expansive TROs based on their inherent equitable authority and without first provisionally certifying a class. *See, e.g.*, *Darweesh v. Trump*, No. 17 CIV. 480 (AMD), 2017 WL 388504, at *1 (E.D.N.Y. Jan. 28, 2017); *Tootkaboni v. Trump*, No. CV 17-10154-NMG, 2017 WL 386550, at *1 (D. Mass. Jan. 29, 2017); *Aziz v. Trump*, No. 1:17-cv-00116, 2017 WL 386549, at *1 (E.D. Va. Jan. 28, 2017). In *Darweesh*, based only on a complaint, motion for class certification, and stay motion, the court granted a nationwide injunction staying the deportation of *all* individuals covered by EO1. In *Tootkaboni*, based solely on a complaint containing class allegations and a request for injunctive relief, the court issued a TRO ordering the government not to detain or remove *any* individuals arriving at Logan Airport who, but for EO1, would be authorized to enter. Similarly, in *Aziz*, based on a complaint containing class allegations, the district court ordered the government to permit access to counsel for *all* lawful permanent residents detained at Dulles Airport. Similarly, this Court has inherent authority to issue the TRO without certifying the class Plaintiffs propose.[1]

**B.     Alternatively, the Court Should Provisionally Certify the Proposed Class.**

**1.    Provisional Certification is Appropriate in This Case.**

A court may provisionally certify a class in order to provide preliminary injunctive relief, for "[t]he plain language of FRCP 23(b)(2) does not restrict class certification to instances when final injunctive relief issues; it only requires that final injunctive relief be appropriate." *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012) (affirming the district

---

[1]     To the extent EO2 is simply a continuation of EO1, mandamus is appropriate to maintain the integrity of this Court's earlier decision. *See Ramon-Sepulveda v. INS*, 824 F.2d 749, 751 (9th Cir. 1987) ("It is our mandate that the INS flouts. We have the authority and the duty to preserve the effectiveness of our earlier judgment.") (footnote omitted); *see also Iowa Utils. Bd. v. FCC*, 135 F.3d 535, 541 (8th Cir. 1998), *vacated on other grounds*, 525 U.S. 1133 (1999) ("[Federal courts] have not only the power, but also a duty to enforce our prior mandate to prevent evasion."); *Oswald v. McGarr*, 620 F.2d 1190, 1196 (7th Cir. 1980) ("Mandamus is appropriate to review compliance with discretionary standards and nondiscretionary commands set forth in an earlier opinion concerning the parties.").

PLS.' SUPP. BR. ISO THEIR MOT.
FOR TRO AND PRELIM. INJ.
Case No. 2:17-cv-00135-JLR                    -2-

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
206-957-8611

court's authority to grant provisional class certification and preliminary injunctive relief); *see also Barahona-Gomez v. Reno*, 167 F.3d 1228, 1233, 1238 (9th Cir. 1999), *supplemented*, 236 F.3d 1115 (9th Cir. 2001) (affirming district court decision granting preliminary injunctive relief and requiring notice to members of a provisionally certified class); *R.I.L-R v. Johnson*, 80 F. Supp. 3d 164, 183, 191 (D.D.C. 2015) (provisionally certifying class of immigrant detainees for purpose of granting preliminary injunctive relief in challenge to government detention policy under the Constitution, the Immigration and Nationality Act, the Administrative Procedure Act, and relevant regulations); *Carrillo v. Schneider Logistics, Inc.*, No. CV-11-8557 CAS DTBX, 2012 WL 556309, at *8 (C.D. Cal. Jan. 31, 2012), *aff'd*, 501 F. App'x 713 (9th Cir. 2012) ("Pursuant to Rule 23 and the Court's general equitable powers, the Court has authority to provisionally certify a class for purposes of entering preliminary injunctive relief.").[2]

To assess the propriety of provisional class certification, a court conducts the familiar class certification analysis, looking to whether the moving party has satisfied the requirements of Rule 23(a) and (b). *See Meyer*, 707 F.3d at 1041-43. "Its analysis is tempered, however, by the understanding that such certifications may be altered or amended before the decision on the merits." *R.I.L-R*, 80 F. Supp. 3d at 180 (internal quotation marks and citation omitted).

Plaintiffs in this case have demonstrated they satisfy the requirements of Rule 23(a). *See generally* Dkt. 58. The proposed class involved here includes hundreds, if not thousands, of individuals spread across the country and the globe, making their joinder impracticable. *See* Dkt. 58 at § III.A.1. The proposed class, moreover, satisfies both the requirements of commonality and typicality. Named Plaintiffs and putative class members suffer a common injury: the discriminatory, unlawful, and potentially indefinite suspension of their immigrant visa adjudication and issuance, an injury which stems "from the same, injurious course of conduct," EO2, and its predecessor, EO1. *See* Dkt. 58 §§ III.A.3. They raise identical legal questions, the

---

[2] *Cf. Tolmasoff v. Gen. Motors, LLC*, No. 16-11747, 2016 WL 3548219, at *6-9 (E.D. Mich. June 30, 2016) (declining to provisionally certify a class under Rule 23(b)(2) because the claims at issue did not involve "a claim for final injunctive or corresponding declaratory relief.").

PLS.' SUPP. BR. ISO THEIR MOT.
FOR TRO AND PRELIM. INJ.
Case No. 2:17-cv-00135-JLR  -3-

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
206-957-8611

answers to which will fully resolve the litigation. For example, one central claim is that the EOs violate 8 U.S.C. § 1152(a)(1)(A), which guarantees *all* named Plaintiffs and putative class members a visa adjudication and issuance process that is not discriminatory with regard to nationality and country of origin. *See* Dkt. 53 § III.B.2.a. The EOs blatantly flout this obligation and cause all named Plaintiffs and proposed class members the same injury, implicating the same facts and legal framework. Proposed class members thus allege common harms based on a shared core of facts and governing legal framework. *See* Dkt. 58 § III.A.2.[3] There is no conflict of interest between the named Plaintiffs and proposed class members: they all seek a declaration from this Court that the EOs are unlawful and an injunction to halt implementation of EO2 to prevent further harm. *See* Dkt. 58 § III.A.4. Lastly, Plaintiffs have demonstrated that Defendants have subjected them, and will continue to subject them, to a nationwide policy harmful to their rights and interests, necessitating such relief. Fed. R. Civ. P. 23(b)(2). *See* Dkt. 58 § III.B.[4]

### 2. Class-wide Emergency Relief is Imperative in This Case.

Provisional class certification is warranted. EO1 already has thrown the lives of named Plaintiffs and putative class members into a state of disarray, and EO2 will wreak further havoc on their lives because it will once again stop visa adjudication and issuance for what almost certainly will be an indefinite period of time. None of the six countries is in a position to take the steps necessary to ensure an end to the ban after the initial three-month period. *See* Dkt. 52 ¶¶ 74-83. Moreover, even a three-month delay will cause irreparable harm—as families are subjected to the anguish and emotional trauma of further separation, U.S. employers are left without necessary workers, and foreign workers are without income. These harms are

---

[3] Like EO1, EO2 purports to provide "hardship" waivers that will possibly result in the receipt, by *some* class members, of immigrant visas. *See* EO1 § 3(g); EO2 § 3(c). The threshold showing for this waiver is ambiguous and requires applicants to prove that they are not a security threat, and that granting a waiver is in the public interest. *See generally* Dkt. 53 § II. The possibility of a discretionary waiver, however, is speculative at best and does not eliminate substantial delay nor the serious threat of other irreparable harm Plaintiffs and proposed class members currently face, as there is no guarantee they will be granted a waiver no matter how strong their equities or evidence is. Moreover, that a possible remedy for Defendants' unlawful actions may exist for some limited number of class members is not enough to undermine commonality. *See* Dkt. 58 at 20-21.

[4] Thus, at a minimum, Plaintiffs have demonstrated that provisional certification is appropriate as to their claim that the EOs violate the INA, 8 U.S.C. § 1152(a)(1)(A).

PLS.' SUPP. BR. ISO THEIR MOT.
FOR TRO AND PRELIM. INJ.
Case No. 2:17-cv-00135-JLR            -4-

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
206-957-8611

exacerbated when the foreign national is left in a vulnerable position where their very life may be in jeopardy due to the lack of security in their native country.

Defendants may assert that those class members whose visa interviews already have been scheduled will not be affected by EO2, but that is simply not the case. Plaintiff Olad Issa Omar's children—Plaintiffs Issa, F.O.I., and S.O.I.—had their visa interviews yesterday, March 13, 2017. However, their immigrant visa applications are still pending, as they were asked to submit additional information, including DNA tests, and thus, the final adjudication of those visa applications will be suspended starting March 16, 2017. *See* Ex. A. Absent this Court's intervention, these children—and others like them—will be indefinitely separated from their parents. Additionally, proposed class members with pending scheduled interviews also face the agonizing choice of whether to spend substantial amounts of money, at times going into great debt, to make arrangements to travel to third countries to appear at consular interviews where the government already has determined they are prima facie *in*eligible for an immigrant visa absent some arduous, ambiguous, wholly discretionary process. Moreover, Defendants have provided no information about how long it will take to make waiver decisions, nor what happens to proposed class members who either do not meet the ambiguous criteria or if the government simply denies in the exercise of discretion. What is more, the government has not scheduled interviews for most proposed class members and, thus, these individuals face further indefinite separation while waiting to see when, if ever, adjudication of their applications will resume. Thus, they undoubtedly face the prospect of indefinite separation from spouses, parents, children, and employment relationships. A TRO is thus necessary.

### III. CONCLUSION

Thus, this Court has the authority to either grant a TRO based on its inherent equitable authority or to provisionally certify the proposed class in order to grant the necessary relief.

Dated this 14th of March, 2017.

Respectfully submitted,

PLS.' SUPP. BR. ISO THEIR MOT.
FOR TRO AND PRELIM. INJ.
Case No. 2:17-cv-00135-JLR -5

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
206-957-8611

s/ Matt Adams
Matt Adams, WSBA No. 28287

s/ Glenda Aldana
Glenda M. Aldana Madrid, WSBA No. 46987

s/ Maria Lucia Chavez
Maria Lucia Chavez, WSBA No. 43826

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 2nd Avenue, Suite 400
Seattle, WA 98104
(206) 957-8611
(206) 587-4025 (fax)

s/ Trina Realmuto
Trina Realmuto, *pro hac vice*

s/ Kristin Macleod-Ball
Kristin Macleod-Ball, *pro hac vice*

NATIONAL IMMIGRATION PROJECT
OF THE NATIONAL LAWYERS GUILD
14 Beacon Street, Suite 602
Boston, MA 02108
(617) 227-9727
(617) 227-5495 (fax)

s/ Mary Kenney
Mary Kenney, *pro hac vice*

s/ Aaron Reichlin-Melnick
Aaron Reichlin-Melnick, *pro hac vice*

s/ Melissa Crow
Melissa Crow, *pro hac vice*

AMERICAN IMMIGRATION COUNCIL
1331 G Street, NW, Suite 200
Washington, D.C. 20005
(202) 507-7512
(202) 742-5619 (fax)

PLS.' SUPP. BR. ISO THEIR MOT.
FOR TRO AND PRELIM. INJ.
Case No. 2:17-cv-00135-JLR    -6

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
206-957-8611

# **CERTIFICATE OF SERVICE**

I hereby certify that on March 14, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record for all Defendants.

Executed in Seattle, Washington, on March 14, 2017.

s/ Glenda Aldana
Glenda M. Aldana Madrid, WSBA No. 46987
Northwest Immigrant Rights Project
615 Second Avenue, Suite 400
Seattle, WA 98104
(206) 957-8646
(206) 587-4025 (fax)

PLS.' SUPP. BR. ISO THEIR MOT.
FOR TRO AND PRELIM. INJ.
Case No. 2:17-cv-00135-JLR    -7

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
206-957-8611