Honorable James L. Robart

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Juweiya Abdiaziz ALI; A.F.A., a minor; Reema Khaled DAHMAN; G.E., a minor; Jaffer Akhlaq HUSSAIN; Seyedehfatemeh HAMEDANI; Olad Issa OMAR; Faduma Olad ISSA; F.O.I., a minor; and S.O.I., a minor; on behalf of themselves as individuals and on behalf of others similarly situated,<br><br>     Plaintiffs,<br><br>v.<br><br>Donald TRUMP, President of the United States of America; Jefferson B. SESSIONS, Attorney General of the United States; U.S. DEPARTMENT OF STATE; Rex W. TILLERSON, Secretary of State; U.S. DEPARTMENT OF HOMELAND SECURITY; John F. KELLY, Secretary of Homeland Security; U.S. CITIZENSHIP AND IMMIGRATION SERVICES; Lori SCIALABBA, Acting Director of USCIS; CUSTOMS AND BORDER PROTECTION; Kevin K. McALEENAN, Acting Commissioner of CBP; OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE; Michael DEMPSEY, Acting Director of National Intelligence,<br><br>     Defendants. | Case No: 2:17-cv-00135-JLR<br><br>**JOINT STATUS REPORT AND DISCOVERY PLAN** |

JOINT STATUS REPORT & DISCOVERY PLAN
Case No. 2:17-cv-00135-JLR

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 2nd Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

Plaintiffs Juweiya Abdiaziz Ali, *et al*. and Defendants Donald Trump, *et al*., by and through their counsel of record, hereby submit this Joint Status Report and Discovery Plan pursuant to Federal Rules of Civil Procedure 26(f), Western District of Washington Local Civil Rule 26(f), and the Court's Order dated February 21, 2017, Dkt. #38.

1. **Statement of the Nature and Complexity of the Case:**

    Plaintiffs' Statement:  This case involves a proposed nationwide class action challenge to Sections 1(f), 2, and 3 of Executive Order 13780 (EO2), Protecting the Nation From Foreign Terrorist Entry Into the United States, 82 Fed. Reg. 13209 (Mar. 9, 2017), as applied to Plaintiffs and putative class members consisting of all nationals of countries designated by Section 2 of EO2 who have applied for or will apply for an immigrant visa and the visa petitioners for those nationals; whose visa application adjudication has been or will be suspended or denied; or who have been or will be denied the ability to seek entry into and/or enter the United States, on the basis of EO2. Plaintiffs claim that EO2 is unlawful in that it violates, inter alia: the Immigration and Nationality Act (8 U.S.C. §§ 1152(a)(1)(A), 1201(i)), the Administrative Procedure Act (5 U.S.C. §§ 706(2)(A)-(D)), 28 U.S.C. § 1361, the Establishment Clause of the First Amendment, and the Fifth Amendment's Due Process Clause and guarantee of equal protection. Plaintiffs believe that most, if not all, their claims can be resolved on summary judgment.

    Defendants' Statement:  Consistent with the Executive's broad constitutional authority over foreign affairs and national security, Section 1182(f) of Title 8 expressly authorize the President to suspend entry of any class of aliens when in the national interest.  Section 1185(a) also authorizes the President to proscribe reasonable "rules, regulations and, and orders" regarding entry.  The President lawfully exercised this broad authority in EO2.  EO2 is neutral with respect to religion, and Plaintiffs cannot demonstrate that it infringes upon their due process or equal protection rights, or that they are entitled to review under the Administrative Procedure Act.  Furthermore, Defendants contend that Plaintiffs' claims are not justiciable—the nonresident, unadmitted plaintiffs are not entitled to any judicial review, and their petitioning relatives in the United States cannot demonstrate any cognizable

JOINT STATUS REPORT & DISCOVERY PLAN
Page **1** of **12**
Case No. 2:17-cv-00135-JLR

134745922.3

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 2nd Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

injury fairly traceable to EO2 until their foreign national relatives have been denied a waiver through the process that EO2 provides.

**2.** **Deadline for Joining Additional Parties:** Thirty days after the Court rules on Plaintiffs' pending second motion for class certification, Dkt. #58.

**3.** **Assignment to a Magistrate Judge:** One or both parties do not consent to assignment of the case to a Magistrate Judge.

**4.** **Discovery Plan:**

(A) initial disclosures: The parties exchanged initial disclosures on March 21, 2017.

(B) subjects, timing, and potential phasing of discovery:

Plaintiffs' position: Plaintiffs anticipate conducting discovery, potentially to include 30(b)(6) depositions, on at least the following topics: the circumstances leading to Defendants' issuance of Executive Order 13769, "Protecting the Nation From Foreign Terrorist Entry Into the United States," 82 F.R. 8977 (Feb. 1, 2017) (EO1) and EO2; the policy and purpose underlying EO1 and EO2; support for statistics and related data contained or referenced in EO1 and EO2; interagency memorandum and directives for implementing the EOs; interagency memorandum and directives responding to injunctive relief directed at the EOs; and documents identifying the number of cases, processing times, and any additional protocol implemented for processing Plaintiffs' and proposed class members' visa applications. Plaintiffs ask this Court to set the deadline for completion of expert discovery as 120 days before trial and the deadline for completion of fact discovery as 150 days before trial. Plaintiffs do not believe that court-imposed phasing of discovery would be appropriate.

Defendants' position: Defendants believe that discovery and trial are inappropriate in this case, which involves the Executive's discretionary national security and immigration authority. The Supreme Court has made clear in the immigration context that courts may not "look behind the exercise of [Executive] discretion" taken "on the basis of a facially legitimate and bona fide reason." *Kleindienst v. Mandel*, 408 U.S. 753, 770 (1972); *see Fiallo v. Bell*, 430 U.S. 787, 796 (1977). As those cases recognize, discovery and trial would thrust courts into the untenable position of probing the Executive's

JOINT STATUS REPORT & DISCOVERY PLAN
Page **2** of **12**
Case No. 2:17-cv-00135-JLR

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 2nd Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

134745922.3

1  judgments on foreign affairs and national security.  And it would invite impermissible intrusion on
2  Executive Branch deliberations, which are constitutionally "privilege[d]" against such inquiry, *United*
3  *States v. Nixon*, 418 U.S. 683, 708 (1974), as well as litigant-driven discovery that would disrupt the
4  President's ongoing execution of the laws, *see*, *e.g.*, *Nixon v. Fitzgerald*, 457 U.S. 731, 749 (1982).
5  Searching for governmental purpose outside official pronouncements and the operative terms of
6  governmental action is fraught with practical "pitfalls" and "hazards" that courts should avoid.  *Palmer*
7  *v. Thompson*, 403 U.S. 217, 224 (1971).

8        (C) <u>electronically stored information</u>:

9      <u>Plaintiffs' position</u>: Plaintiffs anticipate that they will have little if any ESI to produce and that
10  such ESI (if any) will be limited to emails related to immigrant visa processing. Plaintiffs anticipate,
11  however, that Defendants may have substantial amounts of ESI to produce. Plaintiffs propose that the
12  Parties adopt the Western District of Washington's Model Protocol for Discovery of Electronically
13  Stored Information in Civil Litigation.

14      <u>Defendants' position</u>:  for the reasons explained above, Defendants do not believe that discovery
15  is appropriate in this case.  If this Court determines that discovery is appropriate, Defendants believe that
16  ESI production scope and form should be governed by the Western District of Washington's Model for
17  Discovery of Electronically Stored Information in Civil Litigation with case-specific edits provided to
18  Plaintiffs.

19        (D) <u>privilege issues</u>:

20      <u>Plaintiffs' position</u>:  If either Party discovers that it inadvertently produced privileged
21  information, the disclosing Party shall notify the receiving Party of the inadvertent disclosure and the
22  receiving Party will return the documents. Any other privileged matter may be addressed in the
23  protective order that the parties will file in anticipation of discovery production.

24      <u>Defendants' position</u>:  for the reasons explained above, Defendants do not believe that discovery
25  is appropriate in this case.  However, if this Court determines that discovery is appropriate, Defendants
26  intend to join Plaintiffs in a protective order concerning privilege issues.

27
28  JOINT STATUS REPORT & DISCOVERY PLAN  
Page **3** of **12**  
Case No. 2:17-cv-00135-JLR

NORTHWEST IMMIGRANT RIGHTS PROJECT  
615 2nd Avenue, Suite 400  
Seattle, WA 98104  
Telephone (206) 957-8611

134745922.3

(E) <u>proposed limitations on discovery</u>:

<u>Plaintiffs' Position</u>:  Plaintiffs believe that the limitations on discovery imposed by the Federal Rules of Civil Procedure and Local Civil Rules should apply, but that no other limitations should be applied.

<u>Defendants' position</u>:  for the reasons explained above, Defendants do not believe that discovery is appropriate in this case.

(F) <u>the need for any discovery related orders</u>: The parties request a Rule 16(b) Scheduling Order. Their respective positions regarding deadlines are presented below.

| Discovery | Plaintiffs' Deadline | Defendants' Deadline |
| --- | --- | --- |
| Join additional parties | 30 days after resolution of class certification motion. | Thirty days after resolution of class certification motion. |
| disclose primary experts | 180 days before trial | For the reasons explained above, Defendants do not believe that discovery is appropriate in this case. |
| disclose rebuttal expert | 30 days after disclosure of primary experts, as provided in Fed. R. Civ. Proc. 26(a)(2)(D)(ii) | For the reasons explained above, Defendants do not believe that discovery is appropriate in this case. |
| amend the pleadings | 120 days before trial | Defendants believe the normal timelines under Federal Rule of Civil Procedure 15 should apply. |
| complete fact discovery | 150 days before trial | For the reasons explained above, Defendants do not believe that discovery is appropriate in this case. |
| complete expert discovery | 120 days before trial | For the reasons explained above, Defendants do not believe that discovery is appropriate in this case. |
| dispositive motions | 90 days before trial | Defendants intend to move to dismiss the case.  If the Court does not grant their motion, Defendants request that the Court set a dispositive motion deadline after that time. |
| motions in limine | 21 days before trial | For the reasons explained above, Defendants do not believe that a trial or motions in limine are appropriate in this case. |

JOINT STATUS REPORT & DISCOVERY PLAN
Page **4** of **12**
Case No. 2:17-cv-00135-JLR

134745922.3

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 2nd Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

| | | |
|---|---|---|
| pretrial conference | 2 weeks prior to trial | For the reasons explained above, Defendants do not believe that a trial or a pretrial conference is appropriate in this case. |

**5.     The parties' views, proposals, and agreements, on items set forth in Local Civil Rule 26(f)(1)**

(A) <u>prompt case resolution</u>:  The parties do not foresee a possibility for promptly settling or otherwise resolving this case absent revocation of EO2 or a decision by the U.S. Supreme Court that definitely resolves the issues present in favor of one of the parties.

(B) <u>alternative dispute resolution</u>:

<u>Plaintiffs' position:</u>  Plaintiffs cannot predict at this time whether trial will be necessary but believe that resolution by summary judgment is reasonably likely. Therefore, at this time, Plaintiffs do not intend to utilize the Individualized Trial Program or the Alternative Dispute Resolution option.

Defendants' position:  For the reasons explained above, Defendants do not believe that a trial, and therefore the Individualized Trial Program or the Alternative Dispute Resolution option, are appropriate in this case.

(C) <u>related cases</u>:

In this district, the related cases of *Washington v. Trump*, No. 2:17-cv-141-JLR (W.D. Wash.) and *Doe v. Trump*, No. 2:17-cv-178-JLR (W.D. Wash.) (both pending before this Court) also challenge EO2. The case of *Wagafe v. U.S. Citizenship and Immigration Services*, No. 2:17-cv-00094 (W.D. Wash.), is pending in this district and challenges only Sections 3(c) and 4 4of EO1, but only with respect to adjudications of immigration benefits applications.  Plaintiffs in *Wagafe* moved for leave to amend their complaint, but that motion has not yet been granted.

Outside this district, two courts have enjoined portions of EO2, *see International Refugee Assistance Project v. Trump*, No. 8:17-cv-361-TDC (D. Md.) (enjoining Section 2(c) of EO2), appeal pending *International Refugee Assistance Project v. Trump*, No. 17-1351 (4th Cir.); and *Hawai'i v. Trump*, No. 1:17-cv-50-KSC (D. Haw.) (enjoining Sections 2 and 6 of EO2), and a third court declined to do so, *see Sarsour v. Trump*, No. 1:17-cv-120-IDD, ECF 36 (E.D. Va., Mar. 24, 2017). Cases

JOINT STATUS REPORT & DISCOVERY PLAN
Page **5** of **12**
Case No. 2:17-cv-00135-JLR

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 2nd Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

134745922.3

challenging EO2 in which a preliminary injunction (PI) motion is pending include: *Al-Mowafak v. Trump*, No. 3:17-cv-00557-WHO (N.D. Cal.); *Hagig v. Trump*, No. 1:17-cv-289-RBJ (D. Colo.); *Pars Equality Center v. Trump*, No. 1:17-cv-255-TSC (D.D.C.); *Universal Muslim Assoc. of America, Inc. v. Trump*, No. 17-cv-537 (D.D.C.). Cases challenging EO2 which do not involve motions for TROs or PIs at this time include *Unite Oregon v. Trump*, No. 3:17-cv-179-PK (D. Or.); *Tawfeeq v. U.S. Department of Homeland Security*, No. 1:17-cv-353-TCB (N.D. Ga.); *Huff v. Trump*, No. 17-cv-2081 (N.D. Ill.).

As this Court already has ruled, Plaintiffs' pending TRO motion is stayed "so long as the nationwide TRO in *Hawai'i v. Trump* or a preliminary injunction of equal scope remains in effect." Dkt. 79.  However, pursuant to this Court's order, this case proceeds forward, including all briefing and hearings related to their motion for class certification.

(D) <u>discovery management</u>:

<u>Plaintiffs' position</u>:  The Parties will work together to manage discovery in a way that will promote the expeditious and inexpensive resolution of the case. In particular, the parties have no objection to engaging in mediation and will consider requesting the assistance of a magistrate judge for mediation and/or settlement conferences. The Parties do not agree to forgo or limit depositions, exchange documents informally, or use an abbreviated pretrial order. The parties reserve the right to request discovery and/or case management conferences with Judge Robart. Plaintiffs do not believe Multi-District Litigation Procedures are appropriate at this juncture given the scope of their claims and individualized circumstances presented.

<u>Defendants' position</u>:  For the reasons explained above, Defendants do not believe that discovery is appropriate in this case.  If this Court orders that the parties engaged in discovery, Defendants believe that Multi-District Litigation Procedures and/or consolidation with other cases may be appropriate.

(E) <u>anticipated discovery sought</u>:

<u>Plaintiffs' position</u>: Plaintiffs anticipate conducting discovery, potentially to include 30(b)(6) depositions, on at least the following topics: the circumstances leading to Defendants' issuance of EO1 and EO2, the policy and purpose underlying EO1 and EO2, support for statistics and related data

JOINT STATUS REPORT & DISCOVERY PLAN
Page **6** of **12**
Case No. 2:17-cv-00135-JLR

134745922.3

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 2nd Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

contained or referenced in EO1 and EO2, interagency memorandum and directives for implementing the EOs, interagency memorandum and directives responding to injunctive relief directed at the EOs, and documents identifying the number of cases, processing times, and any additional protocol implemented for processing Plaintiffs' and proposed class members' visa applications.

Defendants' position:  For the reasons explained above, Defendants do not believe that discovery is appropriate in this case.

(F) phasing motions: The Parties do not anticipate phasing dispositive motions in this case.

(G) preservation of discoverable information:

Plaintiffs' position:  Plaintiffs will issue a preservation notice to Defendants by March 31, 2017.

Defendants' position:  For the reasons explained above, Defendants do not believe that discovery is appropriate in this case.  In any event, Defendants do not believe that they have an obligation to provide Plaintiffs with a preservation notice.

(H) privilege issues:

Plaintiffs' position:  Plaintiffs intend to propose that if either Party discovers that it inadvertently produced privileged information, the disclosing Party shall notify the receiving Party of the inadvertent disclosure and the receiving Party will return the documents. This matter will be addressed in the protective order that the parties will file in anticipation of discovery production.

Defendants' position:  for the reasons explained above, Defendants do not believe that discovery is appropriate in this case.  However, if this Court determines that discovery is appropriate, Plaintiffs' requested discovery would likely raise numerous privileges and important separation of powers issues. Plaintiffs would address these concerns in a motion for a protective order.

(I) Model Protocol for Discovery of ESI:

Plaintiffs' position: Plaintiffs anticipate that they will have little if any ESI to produce and that such ESI (if any) will be limited to emails related to immigrant visa processing. Plaintiffs anticipate, however, that Defendants may have substantial amounts of ESI to produce. Plaintiffs propose that the Parties adopt the Western District of Washington's Model Protocol for Discovery of Electronically

JOINT STATUS REPORT & DISCOVERY PLAN
Page **7** of **12**
Case No. 2:17-cv-00135-JLR

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 2nd Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

134745922.3

Stored Information in Civil Litigation.

<u>Defendants' position</u>:  For the reasons explained above, Defendants do not believe that discovery, and therefore ESI, is appropriate in this case.  However, if this Court does allow for discovery, Plaintiffs would generally consent to the Model Protocol for Discovery of ESI with the case-specific edits provided to Plaintiffs.

(J) <u>alternatives to Model Protocol</u>:

<u>Plaintiffs' position</u>: Plaintiffs agree to the Model ESI Agreement.

<u>Defendants' position</u>:  For the reasons explained above, Defendants do not believe that discovery is appropriate.  If this Court allows for discovery, Defendants would reserve the ability to make adjustments to the Model ESI Agreement.

**6.    Date of completion of discovery:**

<u>Plaintiffs' position</u>:  150 days before the scheduled trial.

<u>Defendants' position</u>:  For the reasons explained above, Defendants do not believe that a trial, pretrial statements, or a pretrial order is appropriate in this case.

**7.    Bifurcation of trial or other issues:** The parties agree that the case is not amenable to bifurcation.

**8.    Whether to dispense with, in whole or in part, pretrial statements and pretrial order called for by Local Civil Rules 16(e), (h), (i), and k, and 16.1 for the sake of economy:**

<u>Plaintiffs' position</u>: Plaintiffs do not wish to dispense with the pretrial statements and orders called for by the aforementioned Local Rules.

<u>Defendants' position</u>:  For the reasons explained above, Defendants do not believe that a trial, pretrial statements, or a pretrial order is appropriate in this case.

**9.    Utilization of Individualized Trial Program set forth in Local Civil Rule 29.2 or any ADR options set forth in Local Civil Rule 39.1:** The Parties believe that resolution by summary judgment is likely. Therefore, at this time, the parties do not intend to utilize the Individualized Trial Program or the Alternative Dispute Resolution option.

JOINT STATUS REPORT & DISCOVERY PLAN  
Page **8** of **12**  
Case No. 2:17-cv-00135-JLR  

134745922.3

NORTHWEST IMMIGRANT RIGHTS PROJECT  
615 2nd Avenue, Suite 400  
Seattle, WA 98104  
Telephone (206) 957-8611

10. **Suggestion for shortening or simplifying the case:** The Parties do not have any suggestions for shortening or simplifying the case at this time but will work cooperatively to identify such opportunities, including the possibility of stipulating to any undisputed facts.

11. **Date case will be ready for trial:**

   Plaintiffs' position:  March 2018.

   Defendants' position:  For the reasons explained above, Defendants do not believe that a trial is appropriate in this case.

12. **Trial by jury or non-jury:**

   Plaintiffs' position:  Non-jury.

   Defendants' position:  For the reasons explained above, Defendants do not believe that a trial is appropriate in this case.

13. **Number of trial days required**:

   Plaintiffs' position:  Five.

   Defendants' position:  For the reasons explained above, Defendants do not believe that a trial is appropriate in this case.

14. **Names, addresses, and telephone numbers of all trial counsel:**

   Plaintiffs' trial counsel: Matt Adams, Glenda M. Aldana Madrid, Maria Lucia Chavez, Northwest Immigrant Rights Project, 615 Second Ave., Ste. 400, Seattle, WA 98104, (206) 957-8611; Trina Realmuto, Kristin Macleod-Ball, National Immigration Project of the National Lawyers Guild, 14 Beacon Street, Suite 602, Boston, MA 02108, (617) 227-9727; Mary Kenney, Aaron Reichlin-Melnick, Melissa Crow, American Immigration Council, 1331 G Street, NW, Suite 200, Washington, D.C. 20005, (202) 507-7512.

   Defendants' trial counsel:  For the reasons explained above, Defendants do not believe that a trial is appropriate in this case.

JOINT STATUS REPORT & DISCOVERY PLAN
Page **9** of 12
Case No. 2:17-cv-00135-JLR

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 2nd Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

134745922.3

**15.     Dates on which trial counsel may have complications:**

Trial counsel is not currently aware of any conflicts during March 2018 or later.

**16.     Service:** Plaintiffs, through their counsel, have effectuated service on all Defendants.

**17.     Request for a scheduling conference prior to entry of a scheduling order:**

Plaintiffs' position: Plaintiffs believe the Court should move forward and issue a scheduling order.

Defendants' position:  Due to the parties' differing positions concerning the appropriateness of discovery and trial, Defendants request a scheduling conference prior to the entry of a scheduling order.

**18.     Date(s) by which all nongovernmental corporate parties must file its disclosure statement:**

There are no nongovernmental corporate parties in this case at this time.

JOINT STATUS REPORT & DISCOVERY PLAN
Page **10** of **12**
Case No. 2:17-cv-00135-JLR

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 2nd Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

134745922.3

DATED this 28th day of March, 2016.

| | |
|---|---|
| s/*Matt Adams*, WSBA No. 28287<br>s/*Glenda M. Aldana Madrid*, WSBA No. 46987<br>s/*Maria Lucia Chavez*, WSBA No. 43826<br><br>Northwest Immigrant Rights Project<br>615 Second Ave., Ste. 400<br>Seattle, WA 98104<br>(206) 957-8611<br>(206) 587-4025 (fax)<br><br>s/*Trina Realmuto*, admitted *pro hac vice*<br>s/*Kristin Macleod-Ball*, admitted *pro hac vice*<br><br>National Immigration Project of the<br> National Lawyers Guild<br>14 Beacon Street, Suite 602<br>Boston, MA 02108<br>(617) 227-9727<br>(617) 227-5495 (fax)<br><br>s/*Mary Kenney,* admitted *pro hac vice*<br>s/*Aaron Reichlin-Melnick* , admitted *pro hac vice*<br>s/*Melissa Crow*, admitted *pro hac vice*<br><br>American Immigration Council<br>1331 G Street, NW, Suite 200<br>Washington, D.C. 20005<br>(202) 507-7512<br>(202) 742-5619 (fax) | CHAD A. READLER<br>Acting Assistant Attorney General<br>Civil Division<br><br>WILLIAM C. PEACHEY<br>Director<br>Office of Immigration Litigation<br>District Court Section<br><br>GISELA A. WESTWATER<br>Assistant Director<br><br>s/ *Stacey I. Young*<br>STACEY I. YOUNG<br>Senior Litigation Counsel<br>Office of Immigration Litigation<br>District Court Section<br>United States Department of Justice<br>P.O. Box 868, Ben Franklin Station<br>Washington, DC  20044<br>Telephone:  (202) 305-7171<br>Facsimile:  (202) 305-7000<br>stacey.young@usdoj.gov |
| Attorneys for Plaintiffs | Attorneys for Defendants |

JOINT STATUS REPORT & DISCOVERY PLAN
Page **11** of **12**
Case No. 2:17-cv-00135-JLR

134745922.3

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 2nd Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611