Honorable James L. Robart

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Juweiya Abdiaziz ALI; A.F.A., a minor; Reema Khaled DAHMAN; G.E., a minor; Jaffer Akhlaq HUSSAIN; Seyedehfatemeh HAMEDANI; Olad Issa OMAR; Faduma Olad ISSA; F.O.I., a minor; and S.O.I., a minor; on behalf of themselves as individuals and on behalf of others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> Donald TRUMP, President of the United States of America; Jefferson B. SESSIONS, Attorney General of the United States; U.S. DEPARTMENT OF STATE; Rex W. TILLERSON, Secretary of State; U.S. DEPARTMENT OF HOMELAND SECURITY; John F. KELLY, Secretary of Homeland Security; U.S. CITIZENSHIP AND IMMIGRATION SERVICES; Lori SCIALABBA, Acting Director of USCIS; CUSTOMS AND BORDER PROTECTION; Kevin K. McALEENAN, Acting Commissioner of CBP; OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE; and Michael DEMPSEY, Acting Director of National Intelligence, <br><br> Defendants. | Case No. 2:17-cv-00135-JLR <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR AN EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' AMENDED COMPLAINT AND SECOND MOTION FOR CLASS CERTIFICATION** |

PLAINTIFFS' OPP. TO MOTION FOR EXTENSION
Case No 2:17-cv-00135-JLR

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
Telephone (206) 957-8611

## I. INTRODUCTION

Plaintiffs hereby oppose Defendants' motion for an extension of the briefing schedule on the second class certification motion and for an extension of time to respond to the amended complaint which challenges Executive Order 13780, "Protecting the Nation From Foreign Terrorist Entry Into the United States," 82 Fed. Reg. 13780 (Mar. 6, 2017) (EO2).

## II. ARGUMENT

### A. AN EXTENSION UNTIL 10 DAYS AFTER DEFENDANTS' MOTION TO STAY IS RESOLVED IS UNNECESSARY.

Defendants requested an extension of time in which to file responses to both the amended complaint and the second motion for class certification until 10 days after this Court rules upon their concurrently-filed motion to stay proceedings. Dkt. 86 at 1. Because a stay is not appropriate in this case, especially with regard to briefing on class certification, further delay in Defendants' responses is not warranted while this Court adjudicates Defendants' motion, which itself was filed only four days prior to the filing deadlines from which Defendants seek relief. *See* Dkt. 85.

Defendants allege that an extension is necessary because the stay they have belatedly requested may make their responses to the amended complaint and second class certification motion unnecessary; in turn, they assert that a stay is appropriate in light of the "guidance" that this Court might receive from the resolution of an appeal of the preliminary injunction issued in *Hawai'i v. Trump*, No. 1:17-cv-50-KSC (D. Haw.), *see also Hawai'i v. Trump*, No. 17-15589 (9th Cir.). *See* Dkt. 86 at 1-2. However, they provide no explanation, in either their motion for an extension or motion to stay proceedings, as to how any "guidance" on the *Hawai'i* preliminary injunction will relate to class certification—nor could they, given that *Hawai'i* does not include any class allegations. *See Hawai'i v. Trump*, No. 1:17-cv-50-KSC, Dkt. 64 (amended complaint). Thus, at a minimum, Defendants should be required to file a response to the second motion for class certification.

Moreover, speculation as to any determinations on the merits of the *preliminary*

PLAINTIFFS' OPP. TO MOTION FOR EXTENSION
Case No 2:17-cv-00135-JLR                                  1

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
Telephone (206) 957-8611

injunctive relief granted in *Hawai'i* does not provide a basis to strip Plaintiffs of their right to move forward with their case. The appeal at issue in *Hawai'i* involves resolution of a motion for preliminary injunction brought by the State of Hawaii and an individual U.S. citizen. *See id.* While that ruling undoubtedly will be highly relevant to the instant case, it is speculative at best that it will control a final determination on any of the claims presented. Unlike *Hawai'i*, this case is now before the Court on its merits—and is therefore likely to proceed regardless of the resolution of the *Hawai'i* appeal, which might be resolved on standing[1] or issues specific to preliminary injunctive relief. Moreover, the *Hawai'i* appeal will present the claims at a very preliminary stage without the benefit of any discovery.

Indeed, in striking Plaintiffs' motion for a temporary restraining order and preliminary injunctive relief, this Court has already made clear that it was only "imposing a limited stay" on the proceedings with respect to Plaintiffs' motion for a TRO and PI and directed that "[n]o other aspects of this litigation are stayed." Dkt. 79 at 11. Notably, the Court's order was premised on the assumption that Defendants would file an expedited appeal of the *Hawai'i* decision. *Id.* at 8-9. Thus, there are no new developments that merit reconsideration of the Court's original determination that the litigation should carry forward with respect to all other aspects of this case.

Further delay in Defendants' filing deadlines also is unwarranted in light of Defendants' prior motion for a two-week extension of their deadline to respond to Plaintiffs' first motion for class certification, which was premised upon Defendants' expectation of a forthcoming Executive Order (EO2) and subsequent change in litigation strategy. Dkt. 39   Instead, this case should move forward, first with full briefing on class certification and an answer or motion to dismiss, and then with discovery so that this Court can determine the issues on a fully developed record.

---

[1] The *Hawai'i* plaintiffs' standing is distinct from that of Plaintiffs here. Unlike that case, Named Plaintiffs are U.S. citizens and lawful permanent residents who filed visa petitions for their children and spouses, as well as the visa applicants who are beneficiaries of those petitions.

PLAINTIFFS' OPP. TO MOTION FOR EXTENSION
Case No 2:17-cv-00135-JLR                    2

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
Telephone (206) 957-8611

Plaintiffs have previously explained the harm that they and proposed class members will continue to face—including violation of their constitutional rights, family separation, emotional trauma, and deprivation of family and medical care—if EO2 goes into effect and bars adjudication of their visa applications and entry into the United States. *See*, *e.g.*, Dkts. 9, 50, 53. But in addition, Plaintiffs face concrete harm from further delays in the pending litigation. In staying Plaintiffs' motion for a temporary restraining order (TRO) and preliminary injunction, this Court held that "if circumstances change, such as lifting the TRO or narrowing the scope of the TRO or a subsequent preliminary injunction, Plaintiffs can seek to lift the stay." Dkt. 79 at 8. However, in order to be appropriately positioned to adequately defend Plaintiffs and proposed class members in the future, Plaintiffs must move forward with litigating their amended complaint, namely, the motion for class certification and discovery that may be critical to any future motion for preliminary injunctive relief. Indeed, this Court previously requested briefing on whether preliminary injunctive relief was appropriate for proposed class members prior to an order certifying the class. Dkt. 65. While Plaintiffs' supplemental brief submits there is ample authority to provide preliminary injunctive relief prior to class certification, Plaintiffs seek to move forward with class certification to eliminate any uncertainty with respect to their capacity to obtain such relief on behalf of proposed class members should the need arise.

Any extension serves only to increase the harm that Plaintiffs and proposed class members may face before the merits of their claims are heard should the injunctions against the Executive Order issued in other cases be lifted or modified in any way.

### B. DEFENDANTS HAVE HAD ADEQUATE TIME TO EVALUATE THE LEGAL AND FACTUAL ISSUES IN THIS CASE.

Defendants further claim an extension is warranted to consult with Defendant agencies and to review the legal and factual issues in the case, including Plaintiffs' legal claims, the circumstances of the Plaintiffs and their adequacy as class representatives, and how the (now enjoined) EO2 affects the proposed class. Dkt. 86 at 2. Defendants have had more than enough

PLAINTIFFS' OPP. TO MOTION FOR EXTENSION
Case No 2:17-cv-00135-JLR                                     3

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
Telephone (206) 957-8611

time to consult with their clients and to evaluate these legal and factual issues. This case was initiated on January 30, 2017 by four of the ten existing plaintiffs, Dkt. 1, and Plaintiffs amended the complaint to include six additional plaintiffs nearly one month ago, Dkt. 52. Of the existing ten plaintiffs, five are children of petitioner Plaintiffs. Thus, Defendants have had over two months to review the cases of four of the ten plaintiffs and nearly a month to review the cases of the remaining six additional plaintiffs. This is more than sufficient time to carry out any investigation of the Plaintiffs and their adequacy as class representatives.

In addition, it is more than sufficient time to evaluate Plaintiffs' "numerous" statutory and constitutional claims. Dkt. 86 at 2. Plaintiffs have raised six claims. Dkt. 52. Given that litigation challenging EO1 and EO2 is pending in at least fifteen cases,[2] and that Defendants are parties in every single one of these cases, their claim to need additional time to consider their responses to these arguments rings hollow.

Moreover, it is unclear how or why Defendants would need more time to evaluate how EO2 "affects" the proposed class. Dkt. 86 at 2. EO2, on its face, answers that question. As already briefed and argued in the context of Plaintiffs' motion for injunctive relief, EO2 indefinitely bans adjudication of immigrant visa applications and entry of immigrant visa

---

[2]  In this district, the related cases of *Washington v. Trump*, No. 2:17-cv-141-JLR (W.D. Wash.) and *Doe v. Trump*, No. 2:17-cv-178-JLR (W.D. Wash.) (both pending before this Court) also challenge EO2.  The case of *Wagafe v. U.S. Citizenship and Immigration Services*, No. 2:17-cv-00094 (W.D. Wash.), is pending in this district and challenges Sections 2(c), 4, and 5 of EO2.
  Outside this district, there are numerous other challenges to portions of EO2.  *See*, *e.g.*, *International Refugee Assistance Project v. Trump*, No. 8:17-cv-361-TDC (D. Md.), appeal pending *International Refugee Assistance Project v. Trump*, No. 17-1351 (4th Cir.); *Hawai'i v. Trump*, No. 1:17-cv-50-KSC (D. Haw.), appeal pending *State of Hawai'i, v. Donald Trump*, No. 17-15589 (9th Cir.), *Sarsour v. Trump*, No. 1:17-cv-120-IDD, (E.D. Va.); *Al-Mowafak v. Trump*, No. 3:17-cv-00557-WHO (N.D. Cal.); *Hagig v. Trump*, No. 1:17-cv-289-RBJ (D. Colo.); *Pars Equality Center v. Trump*, No. 1:17-cv-255-TSC (D.D.C.); *Universal Muslim Assoc. of America, Inc. v. Trump*, No. 17-cv-537 (D.D.C.); *Unite Oregon v. Trump*, No. 3:17-cv-179-PK (D. Or.); *Tawfeeq v. U.S. Department of Homeland Security*, No. 1:17-cv-353-TCB (N.D. Ga.); *Huff v. Trump*, No. 17-cv-2081 (N.D. Ill.); *Arab American Civil Rights League v. Trump*, No. 2:17-cv-10310 (E.D. Mich.); *Universal Muslim Association of America v. Trump*, No. 1:17-cv-00537 (D.D.C.).

PLAINTIFFS' OPP. TO MOTION FOR EXTENSION
Case No 2:17-cv-00135-JLR    4

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
Telephone (206) 957-8611

holders, thereby prolonging separation of proposed class members who are immigrant visa petitioners and beneficiaries. *See* Dkts. 53, 72, 78.

Finally, the deadline for the joint status report and discovery plan that the parties filed on March 28, 2017 (Dkt. 82), has been on the docket since February 21, 2017 and the parties conducted their meet and confer on March 7, 2017. Thus, Defendants' counsel was on notice of the deadline and able to prepare Defendants' part of the joint status report and discovery plan for over six weeks.

### III.   CONCLUSION

The Court should deny Defendants' motion, order Defendants to file a response to Plaintiffs' amended complaint and to their second motion for class certification, and set a schedule for the progression of the litigation, including discovery.

Dated this 4th day of April, 2017.

Respectfully submitted,

*s/Matt Adams*
Matt Adams, WSBA No. 28287

*s/Glenda Aldana*
Glenda M. Aldana Madrid, WSBA No. 46987

*s/Maria Lucia Chavez*
Maria Lucia Chavez, WSBA No. 43826

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
(206) 957-8611
(206) 587-4025 (fax)

*s/Trina Realmuto*
Trina Realmuto, admitted *pro hac vice*

*s/Kristin Macleod-Ball*
Kristin Macleod-Ball, admitted *pro hac vice*

*s/Mary Kenney*
Mary Kenney, admitted *pro hac vice*

*s/Aaron Reichlin-Melnick*
Aaron Reichlin-Melnick, admitted *pro hac vice*

*s/Melissa Crow*
Melissa Crow, admitted *pro hac vice*

AMERICAN IMMIGRATION COUNCIL
1331 G Street, NW, Suite 200
Washington, D.C. 20005
(202) 507-7512
(202) 742-5619 (fax)

PLAINTIFFS' OPP. TO MOTION FOR EXTENSION
Case No 2:17-cv-00135-JLR                    5

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
Telephone (206) 957-8611

NATIONAL IMMIGRATION PROJECT
OF THE NATIONAL LAWYERS GUILD
14 Beacon Street, Suite 602
Boston, MA 02108
(617) 227-9727
(617) 227-5495 (fax)

PLAINTIFFS' OPP. TO MOTION FOR EXTENSION
Case No 2:17-cv-00135-JLR                6

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
Telephone (206) 957-8611

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record for all Defendants.

Executed in Seattle, Washington, on April 4, 2017.

s/ *Maria Lucia Chavez*
Maria Lucia Chavez, WSBA No. 43826
Northwest Immigrant Rights Project
615 Second Avenue, Suite 400
Seattle, WA 98104
(206) 957-8611
(206) 587-4025 (fax)

PLAINTIFFS' OPP. TO MOTION FOR EXTENSION
Case No 2:17-cv-00135-JLR                    7

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
Telephone (206) 957-8611