UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUWEIYA ABDIAZIZ ALI, et al.,<br><br>　　　　　　　Plaintiffs,<br>　　v.<br><br>DONALD TRUMP, et al.,<br><br>　　　　　　　Defendants. | CASE NO. C17-0135JLR<br><br>ORDER ON DEFENDANTS' MOTION FOR AN EXTENTION OF TIME AND LOCAL RULE 7(I) CONFERENCE |

## I.  INTRODUCTION

Before the court is Defendants' motion for an extension of time (MFE (Dkt. # 86)) to file a response to Plaintiffs' second amended complaint (SAC (Dkt. # 52)) and Plaintiffs' second motion for class certification (2d MFCC (Dkt. # 58)). Defendants request these extensions until ten (10) days after the court resolves Defendants' motion to stay these proceedings entirely pending resolution of the appeal in *Hawaii v. Trump*, No. 17-15589 (9th Cir.). (*See* MFE at 1; *see also* MTS (Dkt. # 85).) The court has considered the motion, Plaintiffs' response (Resp. (Dkt. # 89)), the relevant portions of

ORDER - 1

the record, and the applicable law.  In addition, pursuant to Defendants' request for a Local Rule LCR 7(i) telephonic hearing, the court heard the argument of counsel on April 5, 2017.  *See* Local Rules W.D. Wash. LCR 7(i); (Min. Entry (Dkt. # 90).)  Being fully advised, the court GRANTS in part and DENIES in part the motion as described below.

## II.   ANALYSIS

Defendants assert that the Ninth Circuit's ruling in *Hawaii v. Trump* is likely to provide substantial guidance to the court and parties in resolving the issues in this case. (MFE at 2.)  Defendants also assert that they need the requested extensions of time because they

> are still (1) consulting with their client agencies; (2) considering their responses to Plaintiffs' numerous statutory and constitutional claims; (3) reviewing information concerning the named plaintiffs and proposed class members in order to evaluate the typicality and commonality of their claims, as well as their adequacy as class representatives; and (4) evaluating how Executive Order No. 13,780 affects the unwieldy proposed class.

(*Id.*)  These proceedings, however, have been pending since January 30, 2017.  (*See* Compl. (Dkt. # 1).)  Thus, Defendants have had substantial time to consult with their client agencies and consider their responses to Plaintiffs' claims.  Although the court agrees that there is a strong possibility that the Ninth Circuit's decision in *Hawaii v. Trump* will inform the parties' positions and the court's decision concerning class certification, Defendants' argument for an extension of time is considerably less compelling with respect to the filing of an answer.  Further, should Defendants conclude that the Ninth Circuit's ruling necessitates an amendment to their answer, the Federal

//

ORDER - 2

1   Rules of Civil Procedure provide that "[t]he court should freely give leave [to amend a
2   pleading] when justice so requires." *See* Fed. R. Civ. P. 15(a)(2).

3         Accordingly, the court GRANTS Defendants' motion for an extension of time
4   with respect to their response to Plaintiffs' second motion for class certification. The
5   court ORDERS (1) Defendants to file their response to Plaintiffs' second motion for class
6   certification within fourteen (14) days of the Ninth Circuit's ruling in *Hawaii v. Trump*,
7   and (2) Plaintiffs to file their reply no later than seven (7) days after Defendants file their
8   response.[1] This extension will permit Defendants sufficient time to adjust their response
9   as may be necessary to be consistent with the Ninth Circuit's ruling, but also ensure that
10  the class certification issue moves forward as expeditiously as possible. The court,
11  however, DENIES Defendants' motion with respect to their response to Plaintiffs' second
12  amended complaint and ORDERS Defendants to file that response no later than April 14,
13  2017.[2]

14  //
15  //
16  //

---

[1] Defendants asked the court to extend their response to the second motion for class certification until ten days after the court decides Defendants' pending motion to stay the entire proceedings. (*See* MFE at 1; *see also* MTS.) However, in light of counsel's argument at the hearing today, the court will extend the deadline until after the Ninth Circuit's ruling in *Hawaii v. Trump*. The court will decide whether to stay other aspects of the litigation pending the Ninth Circuits' decision at the time it resolves Defendants' motion to stay. (*See* MTS.)

[2] Plaintiffs' counsel inquired at the hearing about the status of Defendants' motion for a stay of the entire proceedings. (*See* MTS.) That motion is noted on the court's calendar for April 14, 2017, and is not yet ripe. No party has asked the court for expedited review of that motion. (*See generally* Dkt.) Accordingly, the court will consider the motion to stay after it is fully briefed by the parties.

## III. CONCLUSION

Based on the foregoing analysis, the court GRANTS in part and DENIES in part Defendants' motion for an extension of time to respond to Plaintiffs' second amended complaint and second motion for class certification (Dkt. # 86).

Dated this 5th day of April, 2017.

*[signature]*

JAMES L. ROBART
United States District Judge