Honorable James L. Robart

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Juweiya Abdiaziz ALI; A.F.A., a minor; Reema Khaled DAHMAN; G.E., a minor; Jaffer Akhlaq HUSSAIN; Seyedehfatemeh HAMEDANI; Olad Issa OMAR; Faduma Olad ISSA; F.O.I., a minor; and S.O.I., a minor; on behalf of themselves as individuals and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Donald TRUMP, President of the United States of America; Jefferson B. SESSIONS, Attorney General of the United States; U.S. DEPARTMENT OF STATE; Rex W. TILLERSON, Secretary of State; U.S. DEPARTMENT OF HOMELAND SECURITY; John F. KELLY, Secretary of Homeland Security; U.S. CITIZENSHIP AND IMMIGRATION SERVICES; James McCAMENT, Acting Director of USCIS; CUSTOMS AND BORDER PROTECTION; Kevin K. McALEENAN, Acting Commissioner of CBP; OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE; and Daniel COATS, Director of National Intelligence,<br><br>Defendants.[1] | Case No. 2:17-cv-00135-JLR<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF APPEAL IN** *HAWAI'I V. TRUMP* |

---

[1] Defendants James McCament and Daniel Coats are substituted for Defendants Lori Scialabba and Michael Dempsey pursuant to Federal Rule of Civil Procedure 25(d).

PLAINTIFFS' OPP. TO
MOTION TO STAY PROCEEDINGS
Case No 2:17-cv-00135-JLR

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
Telephone (206) 957-8611

## I. INTRODUCTION

Plaintiffs hereby oppose Defendants' motion to stay all proceedings pending resolution of the appeal of the order granting a preliminary injunction in *Hawaiʻi v. Trump*, No. 1:17-cv-50-KSC (D. Haw.). *See also Hawaiʻi v. Trump*, No. 17-15589 (9th Cir.).[2]

## II. ARGUMENT

This Court has broad discretion to adjudicate stay requests. *See*, *e.g.*, *Clinton v. Jones*, 520 U.S. 681, 706 (1997). The Court must consider "the competing interests which will be affected," including "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law . . . ." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Where "there is even a fair possibility that the stay . . . will work damage to someone else," the party seeking the stay "must make out a clear case of hardship or inequity in being required to go forward." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936).

### A. A STAY PENDING A DECISION ON THE APPEAL OF THE *HAWAIʻI* PRELIMINARY INJUNCTION ORDER IS NOT NECESSARY FOR THE ORDERLY COURSE OF JUSTICE.

Defendants moved this Court to stay all proceedings "pending resolution of Defendants' appeal of the preliminary injunction in *Hawaiʻi v. Trump*," to await the Ninth Circuit's guidance in that case in hopes that it would "resolv[e] (or elminat[e])" yet-to-be-determined disputes over Plaintiffs' yet-to-be-served discovery requests. Dkt. 85 at 1-2.[3] However, because only an extremely limited subset of claims at issue in this case are before the Ninth Circuit in the

---

[2] Defendants' motion included a request for a stay of the deadlines for their response to Plaintiffs' amended complaint and second motion for class certification. This Court has already addressed that request. *See* Dkt. 91 at 3. Remaining at issue is a potential stay of "other aspects of the litigation," *id*. at 3 n.1, including discovery.

[3] Although Defendants do not specify what they mean by resolution, this Court previously stayed class certification briefing until the Ninth Circuit decides the pending preliminary injunction appeal in *Hawaiʻi*. Dkt. 91 at 3.

PLAINTIFFS' OPP. TO
MOTION TO STAY PROCEEDINGS
Case No 2:17-cv-00135-JLR        1

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
Telephone (206) 957-8611

*Hawai'i* preliminary injunction appeal, and there is minimal overlap with the issues that are likely to be presented to this Court prior to a decision in *Hawai'i* even absent a stay, judicial efficiency does not favor granting Defendants' motion. *Cf. Landis*, 299 U.S. at 255 ("*Only in rare circumstances* will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.") (emphasis added).

Defendants in *Hawai'i* sought appeal of the Order Granting Motion to Covert Temporary Restraining Order to a Preliminary Injunction and prior orders including the Order Granting Motion for Temporary Restraining Order. *Hawai'i*, No. 1:17-cv-50-KSC, Dkt. 271. Those decisions ruled on a narrow set of issues among the many claims at issue in the *Hawai'i* case more broadly: that the State of Hawai'i had standing based on damages to its universities and economy; that the individual plaintiff in the case—a U.S. citizen who has not filed any immigrant visa petitions on behalf of family members or employees abroad—also has standing; that plaintiffs' claims are ripe regardless of the absence of any pending immigrant visa applications; and that plaintiffs have met the standard for preliminary injunctive relief, including likelihood of success on the merits of only their Establishment Clause claim. *See Hawai'i*, No. 1:17-cv-50-KSC, Dkts. 219, 270. Thus, the Ninth Circuit's decision in *Hawai'i* is likely to provide guidance in this case only on a limited set of issues relevant to only one of Plaintiffs' claims—namely, issues of standing, ripeness, and likelihood of success that relate to their Establishment Clause claim—but not on the merits or ripeness of Plaintiffs' remaining five claims, or their distinct standing arguments. *Cf. Hawai'i*, No. 1:17-cv-50-KSC, Dkt. 219 at 26 n.10, 29 n.11 (declining to consider injury-in-fact related to failure to adjudicate non-plaintiff's visa application or consider "due-process or INA-based statutory claims"). Accordingly, this Court is unlikely to receive any guidance on the vast majority of Plaintiffs' claims even if Defendants' motion were granted. And, given that briefing on class certification is already postponed until immediately after the Ninth Circuit decides the preliminary injunction appeal in *Hawai'i*, *see* Dkt. 91 at 3, the Court is especially unlikely to receive guidance relevant to the

PLAINTIFFS' OPP. TO MOTION TO STAY PROCEEDINGS
Case No 2:17-cv-00135-JLR

2

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
Telephone (206) 957-8611

remaining actions the parties may take absent a stay—serving and responding to discovery requests related to the Executive Orders.

Defendants' motion seeks to forestall Plaintiffs' ability to pursue the discovery process. *See* Dkt. 85 at 7-8, 9-11. Given the limited nature of the issues presented by the preliminary injunction appeal in *Hawai'i*, Defendants' suggestion that the Ninth Circuit decision in that case is likely to resolve yet-to-be-presented discovery disputes in this case is unfounded. *See infra* Section II.B; *cf.* Dkt. 91 at 2 (finding Defendants' arguments that resolution of the *Hawai'i* preliminary injunction appeal is likely to provide guidance necessary for their answer to the amended complaint in this case "considerably less compelling"). For example, Defendants allege without explanation that, in evaluating the *Hawai'i* preliminary injunction, the Ninth Circuit will likely address "what type of evidence is relevant to Plaintiffs' claims" in this case. Dkt. 85 at 8; *cf. Washington v. Trump*, 847 F.3d 1151 (9th Cir. 2017) (considering emergency stay of temporary restraining order without discussing scope of appropriate discovery on the merits of claims at issue).[4] Notably, the cases Defendants cite generally do not stand for the proposition that *discovery* should not go forward until the resolution of a pending appeal of a *preliminary injunction* in a separate case, especially where there are other claims at issue in both cases. *See, e.g.*, Dkt. 79 at 11 (staying adjudication of temporary restraining order based on grant of temporary restraining order in a separate case providing the requested relief, but declining to stay any other aspect of the case); *CMAX, Inc.*, 300 F.2d 265 (staying trial date after completion of discovery for separate enforcement proceedings against plaintiff in the case); *Unitek Solvent Servs. v. Chrysler Grp.*, No. 12-00704 DKW-RLP, 2014 WL 12576648 (D. Haw. Jan. 14, 2014)

---

[4] Defendants also allege that a stay is necessary to resolve potential disputes about the need for expert witnesses. However, given that Plaintiffs suggest a deadline for disclosure of expert witnesses in September 2017, *see* Dkt. 82 at 4, 12, it is unclear why a stay pending resolution of an appeal set for oral argument in May 2017 would impact such disputes. Defendants also allege that the *Hawai'i* decision will broadly bar discovery requests by Plaintiffs by establishing that *Kleindienst v. Mandel*, 408 U.S. 753 (1972), and/or *McCreary Cty. v. ACLU*, 545 U.S. 844 (2005), apply to the case and prevent essentially all discovery of internal government documents, but they fail to explain, inter alia, why *McCreary* would have any applicability to non-Establishment Clause claims or why the *Hawai'i* court will not be bound by the Ninth Circuit's prior holding, in the context of litigation on the first Executive Order, that "exercises of policymaking authority at the highest levels of the political branches are plainly not subject to the *Mandel* standard." *Washington*, 847 F.3d at 1162.

PLAINTIFFS' OPP. TO MOTION TO STAY PROCEEDINGS
Case No 2:17-cv-00135-JLR

3

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
Telephone (206) 957-8611

(unpublished) (staying proceedings based on pending preliminary injunction appeal in the same case); *Canal Props. LLC v. Alliant Tax Credit V, Inc.*, No. C 04-03201 SI, 2005 U.S. Dist. LEXIS 49366 (N.D. Cal. Jun. 28, 2005) (unpublished) (staying proceedings pending appeal on the merits after jury trial in similar action involving the same parties); *but see Hawai'i v. Trump*, No. 17-00050 DKW-KJM, 2017 U.S. Dist. LEXIS 19248 (D. Haw. Feb. 9, 2017) (unpublished) (staying "existing deadlines and proceedings" based on temporary restraining order issued in a separate case, but not discussing impact on discovery).

Given the limited potential overlap between the narrow set of claims before the Ninth Circuit in the *Hawai'i* preliminary injunction appeal and the discovery that may take place in this case absent a stay, such an unusual remedy is not appropriate here.

### B. DEFENDANTS' MOTION TO STAY IS AN INAPPROPRIATE VEHICLE AND PRETEXT FOR THEIR CATEGORICAL OPPOSITION TO ALL DISCOVERY.

Defendants request a stay of proceedings, including discovery, until there is "resolution" of the appeal of the preliminary injunction in *Hawai'i*. Dkt. 85 at 1. However, as evidenced throughout the Joint Status Report and Discovery Plan, Dkt. 82, and Defendants' motion to stay district court proceedings, Dkt. 85, Defendants' position is that no discovery is appropriate in this case, now or ever. For example, with respect to the subjects, timing, and phasing of discovery in this case, Defendants:

> believe that discovery and trial are inappropriate in this case, which involves the Executive's discretionary national security and immigration authority. The Supreme Court has made clear in the immigration context that courts may not "look behind the exercise of [Executive] discretion" taken "on the basis of a facially legitimate and bona fide reason." *Kleindienst v. Mandel*, 408 U.S. 753, 770 (1972); *see Fiallo v. Bell*, 430 U.S. 787, 796 (1977). As those cases recognize, discovery and trial would thrust courts into the untenable position of probing the Executive's judgments on foreign affairs and national security. And it would invite impermissible intrusion on Executive Branch deliberations, which are constitutionally "privileg[d]" against such inquiry, *United States v. Nixon*, 418 U.S. 683, 708 (1974), as well as litigant-driven discovery that would disrupt the President's ongoing execution of the laws, *see, e.g.*, *Nixon v. Fitzgerald*, 457 U.S. 731, 749 (1982). Searching for governmental purpose outside official pronouncements and the operative terms of governmental action

PLAINTIFFS' OPP. TO
MOTION TO STAY PROCEEDINGS
Case No 2:17-cv-00135-JLR                    4

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
Telephone (206) 957-8611

is fraught with practical "pitfalls" and "hazards" that courts should avoid. *Palmer v. Thompson*, 403 U.S. 217, 224 (1971).

Dkt. 82 at 2-3; *see also id*. at 3-9 (referencing these reasons as Defendants' basis for their repeatedly stated belief that discovery and trial would be "inappropriate"); Dkt. 85 at 10 ("Defendants intend to oppose discovery on many grounds . . . [including] the scope of discovery (if any) . . . .").

However, Defendants' speculative discovery-related concerns would be better addressed through the normal procedures for contesting discovery requests. Specifically, if *after* discovery requests are served, Defendants wish to object, there are procedures set forth by this Court, the Federal Rules of Civil Procedure, and the Western District of Washington to resolve such disputes. *See* Hon. James L. Robart, Discovery Disputes, updated April 6, 2009;[5] Fed. R. Civ. P. 37; Local Rules W.D. Wash. LCR 37. A motion allegedly seeking to stay proceedings temporarily is not an appropriate vehicle to oppose responding to any or all discovery requests (that have not yet been served).

Defendants' reliance on *Cheney v. United States Dist. Court*, 542 U.S. 367 (2004), as informing the "appropriateness, scope, and necessity of [] discovery" is premature and inapposite. Dkt. 85 at 10. At issue in that case was the scope of the district court's discovery orders directing the Vice President and other government officials to produce information about the National Energy Policy Development Group. 542 U.S. at 375-77. Although the Court acknowledged special considerations surrounding discovery requests to senior government officials, the decision necessarily contemplates the existence and progression of such discovery in the normal course of litigation. Furthermore, it in no way suggests that a stay of proceedings is warranted to avoid the discovery process. Unlike in *Cheney*, there are no discovery requests or orders at issue here. Plaintiffs merely seek the opportunity to continue to move forward with discovery requests and resolution of anticipated discovery disputes.[6]

---

[5]   *Available at* http://www.wawd.uscourts.gov/sites/wawd/files/RobartDiscoveryDisputes.pdf.
[6]   Notably, the parties exchanged initial disclosures on March 21, 2017. Dkt. 81 at 2.

PLAINTIFFS' OPP. TO
MOTION TO STAY PROCEEDINGS
Case No 2:17-cv-00135-JLR                    5

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
Telephone (206) 957-8611

Importantly, Defendants have stated that discovery will "require briefing by the parties and decision by the Court on, among other things, the scope of discovery (if any), the applicability of various privileges, and the appropriateness of depositions of high-level officers." Dkt. 85 at 10; *see also* Dkt. 82. As an initial matter, Plaintiffs will not serve discovery requests until after adjudication of the instant motion, which at the earliest would be after Defendants file a reply in support of their motion on April 14, 2017. Defendants then would have thirty days to respond to any interrogatories, requests for production, and request for admission from the date of service. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A), 36(a)(3). Similarly, any depositions or third party subpoenas would take time and coordination among counsel in order to schedule even after service of the requests. *See* Fed. R. Civ. P. 30, 45.[7] As Defendants have stated that they intend to oppose all discovery requests and depositions of high-level officers in this case, any discovery would likely require further briefing and then intervention by this Court—which, as a practical matter, would be likely to occur after the Court has the benefit of the *Hawai'i* decision even absent a stay. Given these considerations, there is no reason to stay all proceedings, including resolution of discovery disputes, until after the Ninth Circuit's decision in *Hawai'i*. To the contrary, given that Defendants have made clear that any discovery will require additional litigation, Plaintiffs should not be subjected to a stay that will preclude them from even initiating that process.

### C. THE BALANCE OF HARDSHIPS FAVORS DENYING DEFENDANTS' MOTION.

Because there is "a fair possibility that the stay . . . will work damage to" Plaintiffs in this case, Defendants "must make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255.

Contrary to Defendants' representations, delaying discovery in this case will harm

---

[7] Plaintiffs are amenable to conducting those depositions after the Ninth Circuit's ruling in *Hawai'i*.
PLAINTIFFS' OPP. TO
MOTION TO STAY PROCEEDINGS
Case No 2:17-cv-00135-JLR

6

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
Telephone (206) 957-8611

Plaintiffs by inevitably delaying the resolution of discovery disputes that Defendants have already conceded will arise, *see* Section II.B, *supra*, and thus prevent timely access to discoverable materials and delay the overall resolution of the case.

While Defendants suggest that any stay would be of "limited duration" until the *Hawai'i* appeal "is resolved," Dkt. 85 at 11, it is unclear how long that process would take, especially because Defendants do not limit their request to a stay pending a decision by a panel of the Ninth Circuit. Should either party in *Hawai'i* seek certiorari and the Supreme Court ultimately grant it, that would likely take several more months, if not an additional year. Unless the Court denies this motion, the discovery process would linger in the interim and Plaintiffs would be forced to begin discovery long after the events at issue in this case took place. Furthermore, depending upon the resolution of the *Hawai'i* preliminary injunction appeal, further delay could jeopardize Plaintiffs' ability to access important employment opportunities and reunite with their loved ones.

Conversely, proceeding with the case will not cause harm to Defendants, whose allegation of harm essentially boils down to the potential that they will be required to contest or respond to discovery requests absent a stay. Dkt. 85 at 9-11. However, "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity'" justifying a stay. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005) (quoting *Landis*, 299 U.S. at 255); *see also Zillow, Inc. v. Trulia, Inc.*, No. C12-1549JLR, 2013 U.S. Dist. LEXIS 21432, *10 (W.D. Wash. Feb. 15, 2013) (unpublished) ("[H]aving to engage in discovery, expend resources, and incur substantial litigation fees . . . is not enough to show a clear case of hardship or inequity.") (quotation omitted); *cf. Dependable Highway Exp., Inc. v. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) ("[W]hile it is the prerogative of

PLAINTIFFS' OPP. TO
MOTION TO STAY PROCEEDINGS
Case No 2:17-cv-00135-JLR                    7

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
Telephone (206) 957-8611

the district court to manage its workload, case management standing alone is not necessarily a sufficient ground to stay proceedings."). Moreover, as noted above, given the expedited timeline of the appeal pending in *Hawai'i*, Defendants are unlikely to be denied the benefit of any decision from the Ninth Circuit in their responses or challenges to any discovery request. Thus, the balance of hardship counsels against granting a stay.

### III.   CONCLUSION

Plaintiffs respectfully request that the Court deny Defendants' motion.

Dated this 10th day of April, 2017.

Respectfully submitted,

| | |
|---|---|
| *s/Matt Adams* | *s/Mary Kenney* |
| Matt Adams, WSBA No. 28287 | Mary Kenney, admitted *pro hac vice* |
| | |
| *s/Glenda Aldana* | *s/Aaron Reichlin-Melnick* |
| Glenda M. Aldana Madrid, WSBA No. 46987 | Aaron Reichlin-Melnick, admitted *pro hac vice* |
| | |
| *s/Maria Lucia Chavez* | *s/Melissa Crow* |
| Maria Lucia Chavez, WSBA No. 43826 | Melissa Crow, admitted *pro hac vice* |
| | |
| NORTHWEST IMMIGRANT RIGHTS PROJECT | AMERICAN IMMIGRATION COUNCIL |
| 615 Second Avenue, Suite 400 | 1331 G Street, NW, Suite 200 |
| Seattle, WA 98104 | Washington, D.C. 20005 |
| (206) 957-8611 | (202) 507-7512 |
| (206) 587-4025 (fax) | (202) 742-5619 (fax) |

*s/Trina Realmuto*
Trina Realmuto, admitted *pro hac vice*

*s/Kristin Macleod-Ball*
Kristin Macleod-Ball, admitted *pro hac vice*

NATIONAL IMMIGRATION PROJECT
OF THE NATIONAL LAWYERS GUILD
14 Beacon Street, Suite 602
Boston, MA 02108
(617) 227-9727
(617) 227-5495 (fax)

PLAINTIFFS' OPP. TO
MOTION TO STAY PROCEEDINGS
Case No 2:17-cv-00135-JLR        8

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
Telephone (206) 957-8611

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record for all Defendants.

Executed in Seattle, Washington, on April 10, 2017.

s/ *Matt Adams*
Matt Adams, WSBA No. 28287
Northwest Immigrant Rights Project
615 Second Avenue, Suite 400
Seattle, WA 98104
(206) 957-8611
(206) 587-4025 (fax)

PLAINTIFFS' OPP. TO
MOTION TO STAY PROCEEDINGS
Case No 2:17-cv-00135-JLR

9

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
Telephone (206) 957-8611