UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUWEIYA ABDIAZIZ ALI, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DONALD TRUMP, et al., <br><br> Defendants. | CASE NO. C17-0135JLR <br><br> ORDER GRANTING MOTION FOR STAY |

## I. INTRODUCTION

Before the court is Defendants' motion to stay these proceeding pending resolution of the appeal of the preliminary injunction in *Hawaii v. Trump*, No. CV 17-00050 (D. Haw.). (Mot. (Dkt. # 85)); *see also Hawaii v. Trump*, No. 17-15589 (9th Cir.). The court has considered Defendants' motion, Plaintiffs' opposition to the motion (Resp. (Dkt. # 92)), Defendants' reply (Reply (Dkt. # 93)), the relevant portions of the

//

//

ORDER - 1

record, and the applicable law. Being fully advised,[1] the court GRANTS Defendants' motion.

## II. BACKGROUND

This lawsuit arises out of President Donald J. Trump's recent issuance of two Executive Orders on immigration: Executive Order No. 13,769 ("EO1") and Executive Order No. 13,780 ("EO2").[2] On January 30, 2017, Plaintiffs filed a putative class action complaint challenging Section 3 of EO1. (Compl. (Dkt. # 1).) On March 6, 2017, President Trump issued EO2, which expressly revoked EO1. *See* EO2 ¶ 13. Following the President's issuance of EO2, Plaintiffs filed an amended complaint incorporating new allegations and claims with respect to EO2. (FAC (Dkt. # 52).) On March 10, 2017, Plaintiffs filed a motion seeking a temporary restraining order ("TRO") against enforcement of certain provisions of EO2, including Section 2(c). (TRO Mot. (Dkt. # 53).) On March 15, 2017, the court held a hearing on Plaintiffs' motion for a TRO. (Min. Entry (Dkt. # 78).)

Later that day, in a separate suit, the federal district court in Hawaii enjoined the enforcement of Sections 2 and 6 of EO2. *See Hawaii v. Trump*, No. CV 17-00050 (D. Haw.), Dkt. ## 219-20. On March 17, 2017, this court stayed Plaintiffs' motion for a TRO in part because the federal district court in Hawaii entered a nationwide injunction that provided Plaintiffs with the relief they sought. (3/17/17 Order (Dkt. # 79).) The

---

[1] No party has requested oral argument, and the court determines that oral argument is not necessary for its disposition of this motion. *See* Local Rules W.D. Wash. LCR 7(b)(4).

[2] EO2 expressly revoked EO1 effective March 16, 2017. *See* EO2 § 13.

court also noted that "the Ninth Circuit's rulings on EO2 in *Hawaii v. Trump* will likely have significant relevance to—and potentially control—the court's subsequent ruling here." (*Id.* at 10.) Accordingly, the court concluded that "granting a stay of Plaintiffs' TRO motion while the nationwide injunction remains in place . . . pending the outcome of appellate proceedings in [the Hawaii] case would facilitate the orderly course of justice." (*Id.*)

Defendants now seek a stay—not just of Plaintiffs' motion for a TRO—but of the entire case pending resolution of the appeal in *Hawaii v. Trump*. (*See* Mot.) Plaintiffs oppose a stay. (*See* Resp.) The court now considers Defendants' motion.

### III. ANALYSIS

The court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). This power applies "especially in cases of extraordinary public moment," when "a plaintiff may be required to submit to delay not immoderate in extent and not oppressive in its consequences if the public welfare or convenience will thereby be promoted." *Clinton*, 520 U.S. at 707. In determining whether to grant a motion to stay, "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). Those interests include: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the

simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* Here, the court finds that these factors weigh in favor of granting Defendants' motion pending resolution of the appeal of the preliminary injunction in *Hawaii v. Trump*.

### A. The Orderly Course of Justice

The court begins with the last factor—the orderly course of justice and judicial economy. District courts often stay proceedings where resolution of an appeal in another matter is likely to provide guidance to the court in deciding issues before it. *See Landis*, 299 U.S. at 254. When considering a stay pending the resolution of another action, the court need not find that the two cases involve identical issues; a finding that the issues are substantially similar is sufficient to support a stay. *See Landis*, 299 U.S. at 254; *see also Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979) (stating that the court's authority to stay one proceeding pending the outcome in another "does not require that the issues in such proceedings are necessarily controlling of the action before the court"). Here, the appeal in *Hawaii v. Trump* involves many issues that overlap with the present litigation. Indeed, both cases involve constitutional and statutory challenges to Sections 2 of EO2. (*See* FAC ¶ 98; *id.* at 45 (Prayer for Relief); Prop. TRO (Dkt. # 53-1) at 2 (seeking an injunction of Section 2 of EO2); *Hawaii v. Trump*, No. CV 17-00050 DKW-KSC, 2017 WL 1011673, at *17 (D. Haw. Mar. 15, 2017) (issuing a nationwide TRO regarding Sections 2 and 6 of EO2).

Defendants argue that waiting for the Ninth Circuit's decision in the *Hawaii* case will likely provide guidance to the court in resolving discovery disputes relevant to

Plaintiffs' claims. (Mot. at 7-8.) First, Defendants argue that Plaintiffs are seeking internal government records that Defendants do not believe are relevant because under *Kleindienst v. Mandel*, 408 U.S. 753, 770 (1972), Defendants need only demonstrate a "facially legitimate and bona fide reason" for the Executive's exclusion of aliens. (Mot. at 6.) Plaintiffs contend that the Ninth Circuit has already resolved the issue of whether internal government documents are relevant to Plaintiffs' claims when it rejected application of the *Mandel* standard in *Washington v. Trump*, 847 F.3d 1151, 1162 (9th Cir. 2017). (Resp. at 3 n.4.) However, in the *Hawaii* appeal, Defendants argue that the federal district court in *Hawaii* misread the Ninth Circuit's stay ruling in *Washington*. (*See* Mot. at 1 (citing appellants' brief).) Plaintiffs disagree with this position, but the salient point for purposes of Defendants' stay motion is that resolution of the *Hawaii* appeal is likely to provide guidance to this court on that issue.

Further, even if the Ninth Circuit determines in *Hawaii* that *Mandel* does not provide the applicable standard and that courts may look beyond the four corners of EO2, the Ninth Circuit's decision is likely to provide guidance on the scope of that review. Although the Ninth Circuit is not considering discovery issues on appeal, it is likely to decide legal issues that will impact the court's resolution of the parties' discovery disputes here by clarifying "the applicable law or relevant landscape of facts that need to be developed."[3]  *See Washington v. Trump*, No. C17-0141JLR, 2017 WL 1050354, at *5

---

[3] Plaintiffs also argue that Defendants' motion for a stay is actually a pretext for Defendants' categorical opposition to producing any discovery at all. (*See* Resp. at 5-6.) Defendants take the position that limited, if any, discovery is permitted on Plaintiffs' claims. (*See* Mot. at 7 ("Defendants do not believe these [internal government] records are relevant to

(W.D. Wash. Mar. 17, 2017) (quoting *Hawaii v. Trump*, No. CV 17-00050 DKW-KJM, 2017 WL 536826, at *5 (D. Haw. Feb. 9, 2017)).

In addition, Defendants argue that the Ninth Circuit's ruling in *Hawaii v. Trump* will assist the court in other aspects of the litigation as well. (Mot. at 8.) For example, Defendants have moved for dismissal under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (*see* MTD (Dkt. # 94)) and Plaintiffs have moved for class certification (MFCC (Dkt. # 58)).[4] For the same reasons that the Ninth Circuit's decision in *Hawaii* would be helpful in resolving Plaintiffs' TRO motion, *see Ali v. Trump*, No. C17-0135JLR, 2017 WL 1057645, at *5 (W.D. Wash. Mar. 17, 2017), the Ninth Circuit's decision is also likely to be helpful to the court in resolving Defendants' motion to dismiss and Plaintiffs' motion for class certification. Further, failing to stay this case could result in "inconsistent rulings" that would need to be "disentangle[d]" later. *Washington*, 2017 WL 1050354, at *5. For example, if the court determined that discovery of internal government documents is relevant to Plaintiffs' claims and proportional to the needs of the case, *see* Fed. R. Civ. P. 26(b)(1), but the Ninth Circuit's decision is inconsistent with that ruling, then the parties would have wasted resources on irrelevant discovery, and the court may have wasted time and resources on irrelevant

---

Plaintiffs' claims because, under the applicable law, Defendants need only demonstrate a "facially legitimate and bona fide reason" for the Executive's exclusion of foreign nationals." (citing *Mandel*, 408 U.S. at 770 and *Fiallo v. Bell*, 430 U.S. 787, 792-96 (1977)).) Defendants ground their discovery argument in case law, and although the court does not consider the merits of that issue now, the court does not view Defendants' argument for a stay as a pretext to avoid discovery.

[4] The court previously stayed consideration of Plaintiffs' motion for class certification until after the Ninth Circuit's ruling in *Hawaii v. Trump*. (4/5/17 Order (Dkt. # 91) at 3.)

discovery disputes over those materials.  In short, the Ninth Circuit's decision could change "the applicable law or the relevant landscape of facts that need to be developed" in such a way that this court's intervening rulings would be nullified or need to be reconsidered.  *See Washington*, 2017 WL 1050354, at *5.

Finally, Plaintiffs argue that the issues in the two cases are not perfectly matched and that the Ninth Circuit's resolution of the appeal in *Hawaii* will leave various issues unresolved before this court.  (*See* Resp. at 3-4.)  Resolution of the *Hawaii* appeal, however, need not "settle every question of . . . law" to justify a stay.  *Landis*, 299 U.S. at 256.  It is sufficient that the *Hawaii* appeal is likely to "settle many" issues and "simplify" others, *id.*, such that a stay will facilitate the orderly course of justice and conserve resources for both the court and the parties.  *See Fairview Hosp. v. Leavitt*, No. 05-1065RWR, 2007 WL 1521233, at *3 n.7 (D.D.C. May 22, 2007) (granting a stay pending the resolution of another matter that would likely settle or simply issues even though it "would not foreclose the necessity of litigation in [the stayed] case"); *In re Literary Works in Elec. Databases Copyright Litig.*, No. 00 CIV 6049, 2001 WL 204212, at *3 (S.D.N.Y. Mar. 1, 2001) (same).  The court concludes that a stay, therefore, is most "efficient for [the court's] own docket and the fairest course for the parties."  *Leyva*, 593 F.2d at 863.  Accordingly, this factor weighs in favor of granting Defendants' motion.

**B.  Possible Damage to Plaintiffs if a Stay is Imposed**

Plaintiffs assert that a stay will delay resolution of discovery disputes that Defendants already concede will arise in any event and necessarily delay the overall resolution of the case.  (Resp. at 6-7.)  The court is unconvinced that Defendants'

proposed stay will necessarily delay the ultimate outcome of this case. As noted previously, both the present case and the appeal in *Hawaii v. Trump* involve challenges to Section 2 of EO2. Given this similarity, if the court were to proceed with the parties' potential discovery disputes here, there is a fair possibility—irrespective of how the Ninth Circuit resolves the *Hawaii v. Trump* appeal—that this court's rulings would be out of sync with the latest controlling authority once the Ninth Circuit issues its decision. At that point, the parties would likely seek reconsideration, and the court would be faced with deciding the same issues a second time. Thus, contrary to Plaintiffs' assertions, denying a stay will not necessarily resolve the litigation more quickly.

Plaintiffs also express concern about the potential length of any stay. The court is sensitive to this concern but notes that the Ninth Circuit ordered expedited briefing in the *Hawaii* appeal and conducted oral argument on May 15, 2017. *See Hawaii v. Trump*, No. 17-15589 (9th Cir.), Dkt. ## 14, 18. Plaintiffs also raise the concern that the stay may continue through an appeal to the United States Supreme Court. (Resp. at 7.) Although that may be accurate, litigation is inherently uncertain and the *Hawaii* litigation could end prior to reaching the United States Supreme Court. Further, the court will require the parties to submit a joint status report within 10 days of the Ninth Circuit's ruling in the *Hawaii* appeal so that the court can reassess the continued appropriateness of the stay at that time. Due to the expedited nature of the appeal before the Ninth Circuit, the court finds that the potential harm to Plaintiffs is insufficient to warrant denying Defendants' motion.

//

### C. Possible Hardship or Inequity to Defendants if a Stay is Not Imposed

Defendants assert that, in the absence of a stay pending further guidance from the Ninth Circuit, they will endure hardship due to "[t]he sheer volume of discovery" that Plaintiffs anticipate serving on Defendants. (Mot. at 9.) Plaintiffs respond that it is well established that "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity.'" (Resp. at 7 (quoting *Lockyer*, 398 F.3d at 1112 and *Landis*, 299 U.S. at 255).)

However, neither this lawsuit nor the discovery Plaintiffs seek is typical. The Supreme Court has declared that "the high respect that is owed to the office of the Chief Executive . . . is a matter that should inform the conduct of the entire proceeding, including the timing and scope of discovery, . . . and the Executive's constitutional responsibilities and status are factors counseling judicial deference and restraint in the conduct of litigation against it." *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 385 (2004) (alterations and internal citations omitted). Plaintiffs' anticipated discovery requests are likely to raise multiple discovery disputes. (*See* JSR at 2-4, 6 (relevance objections), 7 (privilege issues).) In the context of this case, the "high respect" owed to the Executive warrants a stay that will protect Defendants from the burden of resource-intensive discovery while the Ninth Circuit addresses issues that will likely inform the appropriateness, scope, and necessity of that discovery. *See id.*; *see also Clinton*, 520 U.S. at 707 (stating that the power to stay proceedings applies "especially in cases of extraordinary public moment"). Thus, the court concludes that this factor

weighs heavily in favor of granting Defendants' motion for a stay pending the outcome of the appeal in *Hawaii v. Trump*.

**D. Summary of the Factors**

The court's evaluation of the relevant factors weighs in favor of staying these proceedings pending the resolution of the appeal in *Hawaii v. Trump*. Awaiting the Ninth Circuit's opinion in that case will promote the orderly course of justice and judicial economy. In addition, Defendants have demonstrated they face hardship or inequity in the absence of a stay in light of the breadth of Plaintiffs' anticipated discovery and the unique nature of this case involving the Chief Executive. *Clinton*, 520 U.S. at 707; *Cheney*, 542 U.S. at 385. The appeal's fast track mitigates any harm to Plaintiffs. Indeed, the Ninth Circuit has already conducted oral argument. Accordingly, the stay is likely to be of short duration. Further, denying the stay will not necessarily move this litigation along faster because the court may then need to revisit any rulings it makes in the absence of a stay following the Ninth Circuit's decision. Finally, the court orders the parties to file a joint status report within 10 days of the Ninth Circuit's ruling so that the court may evaluate the continued appropriateness of any stay at that time.

## IV. CONCLUSION

Based on the foregoing analysis, the court GRANTS Defendants' motion for a stay in these proceedings (Dkt. # 85) pending the Ninth Circuit's resolution of the appeal in *Hawaii v. Trump*. Should circumstances change such that lifting the stay is warranted, any party may move to lift the stay. In addition, the court ORDERS the parties to file a joint status report within 10 days of the Ninth Circuit's ruling in *Hawaii v. Trump* so that

the court may reevaluate the stay at that time. Because this action is now stayed, the court DIRECTS the Clerk to remove the pending motions (Dkt. ## 58, 94) from the court's calendar. After the stay is lifted, the parties may renote these motions for the court's consideration if appropriate at that time.

Dated this 22nd day of May, 2017.

JAMES L. ROBART
United States District Judge